(No. 24944.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GUS NOVAK, Plaintiff in Error.

*Opinion filed December 20, 1938.*

FRANK A. McDONNELL, (ELWYN E. LONG, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, and MELVIN S. REMBE, of counsel,) for the People.

Mr. Justice Orr delivered the opinion of the court:

Gus Novak was found guilty by a jury in the criminal court of Cook county of forcibly robbing one John Wrubel. After denial of motions for a new trial and in arrest of judgment, Novak was sentenced to serve from one to twenty years in the penitentiary.

On the evening of November 25, 1937, Wrubel and a companion were attacked by Novak and Ted Zearkowski as they entered the hallway of their rooming house. The two men resisted their attackers and were severely beaten. During the melee, Wrubel made such effective use of his pocket knife that Zearkowski died before he could be brought to trial and Novak was hospitalized for a time. Novak did not testify at the trial. The sufficiency of the evidence to sustain the verdict is not questioned in this court.

Immediately after the verdict was returned a verbal motion for a new trial was made. It was quickly overruled and Novak was given ten days in which to file the motion in writing. Written motions for a new trial and in arrest of judgment were filed a few days later, *nunc pro tunc* as of the day the verbal motion was made. The trial judge denied the motion for a new trial again, but allowed counsel for Novak to argue one of the written reasons why a new trial should be granted. The judge stated that if he was impressed by the statements of counsel he might change his ruling. After listening to argument on the selected reason the court adhered to the former ruling. The failure of the trial court to hear any argument for the motion in arrest of judgment is not questioned. Reversible error is charged because the trial court refused to permit counsel for Novak to argue the written motion fully.

Whether an instantaneous overruling of motions for a new trial or in arrest of judgment, without hearing what reasons will be presented in support, is prejudicial error must depend solely upon the facts of each particular case. (*People* v. *Pers,* 362 Ill. 298.) Careful reading of the evi-

dence for and against Novak enables one to understand that the verdict was the only rightful one the jury could report. There was no denial that Wrubel was attacked and robbed of the cigarettes at the time and place fixed by the indictment. Novak was positively identified by Wrubel as one of his assailants, and did not take the stand to deny the identification. So far as Novak was concerned, the jury was left with the task of freeing him because of some minor inconsistencies in the evidence for the People upon matters which established the charge beyond a reasonable doubt. Where the evidence is short and conclusive of guilt the immediate overruling of a motion for a new trial is not error. (*People* v. *Krotz,* 341 Ill. 214.) The trial court did not err in promptly overruling the two motions when they were offered.

Error is charged against an assistant State's attorney because of alleged prejudicial remarks made in the course of his argument to the jury. He said that Wrubel was robbed of forty cents in addition to the cigarettes. That is substantiated by the evidence, for Wrubel so testified on direct examination. No objection was made at the time by Novak and the same fact was brought out on his cross-examination of Wrubel. The same speaker is charged with the commission of an error because he said the evidence of the People fastening the crime on Novak had not been denied. Novak was the only one, under the circumstances, who could make a denial and he did not testify. The People had the right to call the attention of the jurors to the non-denial, even if defendant was the only one who could make it. *People* v. *Birger,* 329 Ill. 352.

Novak received a fair trial under the law and his guilt was proved beyond all reasonable doubt. The alleged errors, had they been established, would not have been material or operated to his prejudice.

The judgment is affirmed.

*Judgment affirmed.*