The People of the State of Illinois, Plaintiff-Appellee, *v.* McKennie Houston *et al.*, Defendants-Appellants.

(No. 58159;

First District (2nd Division)—June 25, 1974.

210

James J. Doherty, Public Defender, of Chicago (Ian Levin, Assistant Public Defender, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (James S. Veldman and Ronald Mendes, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE HAYES delivered the opinion of the court:

Indictment No. 72-99 charged McKennie Houston and Leroy Davenport with the offense of intimidation in that they allegedly communicated a threat to Lilly Mitchell to inflict physical harm on her person and on the persons of her children, thereby intending to cause Lilly Mitchell to prevent her son, Arzell Mitchell, from testifying in court against Arthur Lee Dozer, a friend of McKennie Houston and Leroy Davenport. After a trial before a jury, Leroy Davenport and McKennie Houston were found guilty of the crime of intimidation and sentenced to from 2½ to 5 years in the penitentiary. From that conviction and sentence, defendants appeal.

At trial, 18-year-old Arzell Mitchell (also known as Isiah) testified that, on 18 August 1971 at about 4 P.M., he was robbed of $150 and shot once in the back. While in the hospital, he identified two persons as the offenders. One was an individual named Arthur Lee Dozer.

The next witness to testify was Lilly Mitchell. She testified that on 20 August 1971 she was in her sister's seven-room apartment at 4525 S. Federal Street in Chicago, when two male individuals came to the door. When Lilly answered the door, one of the individuals asked whether she was the mother of the boy who got shot. She replied that she was,

whereupon they threatened her life and the lives of Isiah and her other children if Isiah should testify against Dozer. Thereafter, the two individuals became verbally abusive. She then slammed the door and called detectives. The two individuals were subsequently identified by Lilly in a lineup as the defendants herein, Leroy Davenport and McKennie Houston.

On cross-examination, defense counsel attempted to impeach Mrs. Mitchell by confronting her with prior allegedly inconsistent statements made by her before the grand jury, at the preliminary hearing, and in the complaints charging appellants.

The final witness to testify was the investigating police officer, Officer Richard Crowley. He testified to having had a conversation with Arzell Mitchell relative to the latter's having been robbed and shot, after which the witness had occasion to arrest Arthur Lee Dozer and Ronald Caldwell. He also testified to having had a conversation with Mrs. Mitchell relative to two youths having approached and threatened her. (Defense counsel objected to the testimony concerning the conversation with Mrs. Mitchell on hearsay grounds and was overruled. Defense counsel also objected to the words "threatening her," which the trial judge then rephrased to "talking to her.") Based on the facts given to him by Lilly, the officer stated that he then arrested Leroy Davenport and McKennie Houston.

On cross-examination of Officer Crowley, defense counsel elicited the fact that his police report charged a Leroy Carpenter and not Leroy Davenport with the commission of certain crimes but not with the commission of the crime of intimidation.

On re-direct examination, the officer testified that his police report, prepared in connection with the case, stated that Leroy Davenport, also known as Leroy Carpenter, had been charged, with unrelated offenses of armed robbery and aggravated battery, and that McKennie Houston had been charged with intimidation and with an unrelated armed robbery. This testimony was objected to by defense counsel as an impermissible reference to other crimes. The objections were overruled. Thereafter, the trial judge refused to permit defense counsel to demonstrate that the unrelated charges had been dismissed upon preliminary hearing thereof.

OPINION

The first issue we decide is the constitutionality of the intimidation statute. The issue was raised by defendants' motion to quash the indictment, which motion was denied. Defendants-appellants (hereafter appellants) contend that the punishment provision of the statute violates the equal protection and due process clauses of the constitution. The statute creating the offense of intimidation has made the offense an

indictable misdemeanor. An indictable misdemeanor is a relatively new type of offense, created over the last decade or two in connection with new types of criminal conduct, as to which conduct the legislature appears to wish to give the State and/or the trial judge a broad discretion in respect of penalty, ranging from the felony penalties of imprisonment in the State penitentiary for more than 1 year and/or a fine, to the misdemeanor penalties of imprisonment in a correctional institution other than the penitentiary for not more than 1 year and/or a lesser fine. The gist of appellants' position is that, where there are no standards governing or guiding the exercise of the prosecutorial (or judicial) penalty discretion created by the statute, the statutory scheme permits and encourages an arbitrary and discriminatory enforcement of the law. The Illinois authority cited for this proposition is *People v. McCollough* (1972), 8 Ill.App.3d 963, 291 N.E.2d 505.

■■ It suffices to say that the *McCollough* decision has just been reversed by our supreme court (57 Ill.2d 440.) in an opinion sustaining the constitutionality of a criminal statute under which the degree of prosecutorial and judicial discretion was even greater than the degree of discretion involved in an indictable misdemeanor. Hence, there is no merit to appellants' contention that the statute creating the offense of intimidation is unconstitutional.

The next issue we decide is whether the testimony of Lilly Mitchell, who was the sole occurrence witness for the State, was legally sufficient to support appellants' convictions beyond a reasonable doubt. Appellants contend that prior statements of the witness in the complaints charging appellants, in her testimony before the grand jury, and in her testimony at the preliminary hearing were so inconsistent with her trial testimony as to render her trial testimony legally insufficient to support a conviction.

■■ Prior inconsistent statements of a witness bear on the credibility of the witness' trial testimony and go to the weight to be given to that trial testimony. This is a question for the jury. (*People v. DeSavieu* (1973), 14 Ill.App.3d 912, 303 N.E.2d 782.) From our examination of the record, we cannot say that the testimony of the complaining witness was so unsatisfactory as to leave a reasonable doubt of the guilt of the appellants as a matter of law. Therefore, we will not disturb the jury's verdict.

Appellants next contend that the trial court committed reversible error in admitting evidence of unrelated offenses allegedly committed by appellants and, thereafter, in refusing to permit defense counsel to elicit the fact that those unrelated charges had been later dismissed. How-

ever, by first eliciting the fact that the police report charged Leroy Carpenter and not Leroy Davenport with the commission of the instant offenses, as well as of the unrelated offenses, defense counsel created an issue as to the identity of one of the defendants. It became incumbent upon the State to show that the name Leroy Carpenter meant Leroy Davenport.

■■ Evidence which tends to prove a fact in issue is admissible even though it discloses that the defendant committed another crime; and evidence which establishes motive, intent, identity, accident, or absence of mistake is admissible even though it may also involve proof of a separate offense. (See *People v. Dewey* (1969), 42 Ill.2d 148, 246 N.E.2d 232.) Moreover, once the identification question had been resolved, it was not an abuse of discretion for the trial court to prohibit further inquiry into the subsequent disposition of the unrelated charges. After the original offenses charged were introduced, the State brought out that, as a result of the grand jury hearing, an indictment for intimidation was brought against appellants. The inference from this fact is that the other charges were not pursued. Further emphasis on this matter may well have resulted in the prejudice of which appellants now complain. Moreover, there was sufficient evidence, apart from any prejudice created by this testimony or by the court's ruling, to convict both appellants.

Fourthly, appellants contend that prejudicial error was caused by the prosecution's introduction into evidence of allegedly hearsay testimony of the investigating police officer which allegedly served the impermissible function of rehabilitating the credibility of the complaining witness. The offending testimony of the officer was that he had had a conversation with Mrs. Mitchell "relative to two youths approaching her and threatening her," and that as a result of the conversation he had had occasion to arrest Leroy Davenport and McKennie Houston.

■■ For two reasons, we do not agree that what the officer related to the jury was hearsay. Primarily, the officer was testifying under oath only to the fact of what he had been told by Mrs. Mitchell and not to the substantive truth of her assertion that McKennie Houston and Leroy Davenport actually intimidated her, and thereafter, only to what he did as a result of the conversation. He was explaining how he had come to arrest appellants for the instant offense. (See *People v. Carpenter* (1963), 28 Ill.2d 116, 190 N.E.2d 738.) Moreover, it is the lack of opportunity for cross-examination of the out-of-court declarant, whose assertion is being offered as substantive truth, that is the essential reason why the assertion must be rejected. (*People v. Carpenter, supra.*) Here the out-of-court declarant, Mrs. Mitchell, testified in court and was

thoroughly cross-examined by defense counsel. The rule against hearsay is not applicable to the facts of this case. See *People v. Poole* (1970), 121 Ill.App.2d 233, 257 N.E.2d 583.

■■ We note that, in one respect, the officer's testimony was objectionable. It tended to rehabilitate the credibility of Mrs. Mitchell (whose credibility had been impeached by evidence of prior statements which were inconsistent with her trial testimony), because it disclosed that Mrs. Mitchell had made prior statements which were consistent with her trial testimony.[1] Our courts have held that such rehabilitating testimony is objectionable as irrelevant, because the making of prior consistent statements does not negate the fact that prior inconsistent statements had been made. (*People v. DePoy* (1968), 40 Ill.2d 433, 240 N.E. 2d 616.) We think, however, that in this case the rehabilitating aspect of the officer's testimony does not appear to have been the primary purpose for which the State introduced the testimony, but was merely an inevitable consequence of the legitimate purpose of having the officer explain how he had come to arrest appellants. In any event, the defense objection to the testimony was based on its alleged hearsay character and not on its rehabilitating aspect.

*Fifthly*, appellants contend that certain remarks made by the trial judge and certain questions asked by him during the course of the trial and in the presence of the jury deprived them of a fair trial. Our examination of the remarks and questions complained of does not disclose any error. The remarks and questions of the trial judge were aimed at the clarification of the questions asked by counsel and at the clarification of the reasons for his own rulings, both of which were legitimate purposes. (See *People v. Clay* (1971), 1 Ill.App.3d 736, 274 N.E.2d 843.) Moreover, appellants have failed to show how they were prejudiced by the trial judge's actions. The record demonstrates that the trial judge conducted a fair and impartial trial.

The sixth issue raised on this appeal is whether the closing arguments of the prosecution denied appellants a fair trial. Appellants argue first that the closing arguments of the prosecution violated the appellants' fifth amendment right to remain silent, and second, that certain remarks of the prosecutor amounted to an insinuation that the appellants had committed a separate offense of intimidation with respect to testifying against themselves in the present case.

With regard to the first contention, many times during closing argu-

---

[1] While the prior inconsistent statements related to details of the alleged incident, they were calculated to attack the credibility of Mrs. Mitchell to the point of creating doubt as to whether the alleged incident had occurred at all. In that sense, Mrs. Mitchell's prior statement to the officer was a prior consistent statement.

ment the prosecutor, over objection, announced that the complaining witness' testimony that the two appellants had threatened her stood "unrebutted, uncontradicted, and undenied." Appellants concede that, had the prosecutor stopped with "unrebutted and uncontradicted," no error would have been committed. But since the prosecutor added the word "undenied," appellants contend the prosecutor intended improperly to call the jury's attention to appellants' failure to take the stand to deny the charges. We do not agree.

■■ Where there is no evidence whatever contradicting the case made by the State, a statement by the prosecutor that the evidence has not been contradicted is not an unwarranted reference to the failure of the defendant to testify. (*People v. Birger* (1928), 329 Ill. 352, 160 N.E. 564.) This is so even where the prosecutor states that the evidence of the State had not been denied. (*People v. Novak* (1938), 370 Ill. 220, 18 N.E.2d 235; see also *People v. Norman* (1963), 28 Ill.2d 77, 190 N.E.2d 819.) We note the State's observation that its comment that its case had not been denied by appellants is not a *direct* reference to the failure of appellants to testify in their own behalf. While this is true, we express the opinion that the State's comment that its case had not been "denied by defendants" is of such dubious utility and propriety that it ought not to have been made. In the instant case, however, despite the frequency of the comment over objection, we think that the comment was not so prejudicial as to warrant reversal.

■■ Neither do we agree with appellants' second contention that the prosecutor insinuated that appellants had committed a separate offense of intimidation relative to the present case. The alleged offending remarks are:

> "She [Mrs. Mitchell] is a witness. She did what she thought was right coming to report these threats against her. She did what she thought was right, coming to court, under oath, on the record, against these two, by taking whatever risk it involves for her to come to court and testifying.
>
> Lilly Mitchell, coming here and testifying is an act of courage most of us never have to go through. She still lives at 51st and Federal, still in the ghetto, fear rampant * * * people can still dare to go up to citizens, threaten them, threaten their lives, put enough fear in the mind of that citizen to get away with anything."

At most these remarks constitute comment on crime and evil in the complaining witness' neighborhood and do not insinuate that appellants intimidated the witness not to testify *against them* in the instant case. The comments look to the future and state nothing that probably

had not already occurred to the members of the jury. We find no error in these statements.

Defendants next contend that the minimum sentence of 2 years must be reduced to bring the sentence into compliance with the requirements of the Unified Code of Corrections. Intimidation is a Class 3 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 12—6(b).) Therefore, the minimum sentence cannot exceed one-third the maximum sentence of 5 years. (Ill. Rev. Stat., 1973, ch. 38, par. 1005—8—1(c)(4).) The sentence as it now stands violates the Unified Code of Corrections. Since this case has not reached a final adjudication within the meaning of the Code, the minimum sentence will be modified to 1 year and 8 months. See *People v. Harvey* (1973), 53 Ill.2d 585, 294 N.E.2d 269.

■■ Finally, appellant Leroy Davenport contends that, since prior to trial and *as a result of plea negotiations, the trial judge had agreed to sentence him to from 1 year to 1 year and a day if he would plead guilty* and later he actually received a sentence of 2½ to 5 years, the higher sentence was imposed as punishment for his decision to stand trial. It is our opinion that the mere fact that a higher sentence is imposed after trial than that offered before trial, without any other facts, does not warrant an inference that the higher sentence was imposed as punishment for having insisted on the right to stand trial. No such predisposition on the part of the trial judge appears on the face of this record, as it does in the case of *People v. Moriarty* (1962), 25 Ill.2d 565, 185 N.E. 2d 688, cited by appellant. Moreover, were not the possibility of a higher sentence a reality, any plea negotiation would be without consideration to support it. (See *People v. Bannister* (1974), 18 Ill.App.3d 154, 309 N.E.2d 279.) We will not reduce the sentence further.

For the foregoing reasons the judgment of conviction below is affirmed but the sentence is modified as indicated herein.

Judgment affirmed; sentence modified.

STAMOS and LEIGHTON, JJ., concur.