THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID SANDERS, Defendant-Appellant.

First District (1st Division)   No. 61099

Opinion filed March 29, 1976.

James R. Streicker and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Michael R. Lewis, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After trial by jury, David Sanders (defendant) was found guilty of armed robbery (Ill. Rev. Stat. 1969, ch. 38, par. 18—2) and sentenced to 6 to 20 years. In his appeal defendant raises these issues for consideration: the manner of jury selection; competency of evidence regarding two previous convictions of defendant; competency of certain testimony by a police investigator; allegedly improper questions put by the prosecutor and allegedly improper comments by the trial court to the jury during their deliberation.

Since defendant raises no point on the sufficiency of the evidence to prove his guilt beyond reasonable doubt, we need not summarize the entire record. It is sufficient to state that the proof showed beyond reasonable doubt that defendant participated in the armed robbery of a jewelry store, assisted by three other men and one woman. The State's case included the testimony of the store owner and two of the men who had participated in the robbery. The evidence may be characterized as overwhelming proof of guilt. The factual details concerning each of the issues raised by defendant will be stated as required.

Defense counsel requested that he be permitted to question the individual prospective jurors on *voir dire*. The trial court denied this and requested that both counsel submit proposed questions. This was done by attorneys for both sides. At a later point in jury selection, counsel for defendant renewed this request. The trial court suggested that supplemental questions be submitted but this was never done.

■■ The record does not show the existence of any prejudice to defendant as a result of the manner in which the jury was chosen. It has repeatedly been held that in such a situation this contention by defendant has no validity. We have collected the authorities on this point in *People v. Peters*, 33 Ill. App. 3d 284, 291, 337 N.E.2d 716, *leave to appeal denied*, 61 Ill.2d 603.

Defendant made a motion *in limine* to exclude evidence of two previous convictions of defendant, in Illinois, for rape. This motion was denied by the trial court. Both of these judgments had been entered during 1961; one sentence was for 20 years and another for 35 years. Defendant was released from the Illinois penitentiary on July 11, 1968, and was still on parole for these offenses when the armed robbery was committed. Later in the proceedings counsel for defendant stated for the record that this ruling prevented him from calling his client as a witness.

■■ In our opinion, application of the principles set forth in *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695, requires us to reject defendant's contention. As the trial judge pointed out, approximately three years had elapsed between the time of defendant's release from prison and the commission of the armed robbery. Approximately five years had elapsed between defendant's release and the actual trial. Thus, these two convictions were well within the 10-year period required by *Montgomery*. Also, since the crime of rape is a felony, this proof was proper under the same standard. As pointed out by the State, there is a definite materiality in past commission of an infamous crime so that impeachment upon this basis is proper. (See *Werdell v. Turzynski*, 128 Ill. App. 2d 139, 153, 154, 262 N.E.2d 833, *leave to appeal denied*, 44 Ill.2d 587.) Finally, the statements made by the trial court in passing upon this motion indicate that he exercised his discretion in determining that the probative value of

these convictions was not substantially outweighed by the danger of unfair prejudice. It is our opinion that this discretion was properly exercised.

The People called Investigator Cozzi, a Chicago police officer. Prior to his testimony defendant made a motion *in limine* to exclude on the ground that it would permit proof of incompetent hearsay in an indirect manner. The trial court denied this motion on the theory that defendant's counsel had attempted to show that defendant had previously been acquitted of murder of a police officer and was unjustly accused of the armed robbery as a result of intentional police efforts to retaliate for the acquittal.

Over defendant's objection, Investigator Cozzi testified that he was assigned to the robbery on September 21, 1971, the day it occurred. He testified in some detail to what he had done in locating a certain described automobile with a specified license number; then arresting one of the codefendants; then arresting another and recovering from her possession part of the jewelry taken in the robbery and finally arresting the two accomplices who had testified against defendant. He testified that all of these activities took place on or before September 23, 1971, at which time a warrant was obtained for the arrest of defendant and duly served.

■■ In our opinion, none of this evidence was within the legal definition of hearsay. The frequently cited decision of the Supreme Court in *People v. Carpenter*, 28 Ill.2d 116, 190 N.E.2d 738, points out the distinction between admissible testimony and hearsay (28 Ill.2d 116, 121). The testimony of Cozzi was confined strictly to his physical activities and to the bare occurrence of the conversations. At no time did he testify to the substance of any part of any conversation. His testimony as to his activities was all in court under oath and subject to cross-examination. Under these circumstances the court acted properly in denying the motion to exclude it. *People v. Jackson*, 95 Ill. App. 2d 193, 238 N.E.2d 196, cited by defendant, is of no assistance. It involves the propriety of evidence concerning prior arrests of defendant at a hearing in aggravation and mitigation. Similarly, *Pointer v. Texas*, 380 U.S. 400, 13 L.Ed. 2d 923, 85 S.Ct. 1065, is of no assistance here as it is generally concerned with the constitutional right of confrontation of witnesses. This right of defendant was not violated or abridged in any manner in the case before us.

Finally, perhaps of greatest importance, the assailed testimony showed that the arrest warrant was issued on the 23rd or 24th day of September, 1971. The homicide of the policeman did not occur until September 26, 1971. Thus, the issuance of the warrant for defendant's arrest could not possibly have been motivated as contended by defendant.

On re-cross-examination of Investigator Cozzi, counsel for defendant questioned him about whether the owner of the jewelry store had viewed a picture of the defendant. On redirect examination, the State's Attorney

asked the witness if he had ever heard of a motion to suppress identification. Counsel for defendant made a general objection which the trial court properly sustained. Outside of the presence of the jury, the defense attorney then moved for a mistrial because of the suggestion by the State's Attorney, by this question, that there had been a previous motion to suppress the identification. The court denied this motion. Defendant now urges that this constitutes reversible error.

This alleged error was neither specified nor mentioned in the written motion for a new trial filed by defendant. Failure to do so constitutes a waiver of the issue so that it may not be urged as ground for reversal. See *People v. Pickett*, 54 Ill. 2d 280, 282, 296 N.E.2d 856, and cases there cited.

■■ Even if the issue of waiver is brushed aside and the point is considered, we must necessarily conclude that the error, if there was one, was harmless. The evidence so clearly establishes the guilt of the defendant that any error in simply stating the question to the jury must be deemed harmless. See *People v. Gant*, 58 Ill.2d 178, 186, 317 N.E.2d 564, dealing with improper admission of hearsay evidence. In the case before us an objection to the question was promptly sustained and the matter was never brought up again. We cannot believe that the simple asking of this one question during the course of a lengthy trial should be considered sufficient to require reversal of the judgment of guilt in this case. The case is far different than *People v. Bates*, 26 Ill. App. 3d 306, 325 N.E.2d 123, cited by defendant. There, reversal of a conviction was indicated because the prosecutor told the jury that a previous judge had passed upon and denied a motion to suppress evidence of a lineup. In addition, these remarks were repeated by the prosecutor in his closing argument.

Defendant's final contention is directed at an incident which occurred during the jury deliberations. The jury retired to consider its verdict at approximately 4 p.m. Approximately at 9:15 p.m. additional proceedings were held in the presence of all counsel. The court asked the foreman if the jury was close to a verdict. The answer was, "No." The court asked if the foreman felt that there would be a verdict within the next 45 minutes. The foreman repled, "No." The court then told the jury, "[W]ith that in mind, what I'm going to do at this time is lock you up for the evening and stop deliberating until morning." The court stated that the deputy sheriff would help the jurors in making telephone calls or sending messages. The foreman then asked, "Can we do any conferring with you at all or ask any questions of you?" The court responded, "No, you have all the evidence." The foreman responded, "It's the interpretation of one of the instructions." The court stated that the jury had all of the instructions and heard all the evidence and "at this time" that was all of the evidence and law that the jury would receive.

The foreman then immediately responded, "Judge, the 45 minutes may be enough, pehaps less, I'm advised, as of this very second." The court then stated that he did not wish to rush the jurors into a verdict; that they should take as much time as they wanted, that he would give it to them since he did not want to rush them into a verdict merely because he was thinking about locking them up for the evening. The court assured the jury that, "[F]acilities are good, you will be treated well." The foreman then responded, "Thank you, but I think perhaps we have broken the logjam." As directed by the court, the jury then proceeded with their deliberation. After an unspecified period of time had passed, on that same evening, the jurors returned a verdict of guilty. The jury was polled and unanimously confirmed the verdict.

The defendant's contention actually involves consideration of whether the court had coerced the jury to return a verdict without proper and sufficient deliberation and whether there was error in the refusal of the court to clarify the instructions for the jury. Regarding the first issue, defendant cites two authorities. In *People v. Golub*, 333 Ill. 554, 165 N.E. 196, the jurors were called into open court after four hours of deliberation. The foreman told the court that they stood 9 to 3. The court said, "You ought not to have any difficulty in reaching a verdict on this evidence." (333 Ill. 554, 561.) The jury then retired and after an unspecified time returned a guilty verdict. The Supreme Court pointed out that, "Whether the error is harmless or prejudicial depends upon the facts of the case." At this point the court also stated the general principle applicable here in this language (333 Ill. 554, 561):

> "A verdict should express the deliberate judgment of the jury. The juror, as well as the judge, has an independent duty to perform, and he ought to be left free to pronounce his own conviction. A verdict hastened by the action of the judge, however worthy the motive, cannot be the result of that deliberation which the law guarantees. Remarks by a trial judge calculated to effect the rendition of a verdict without affording the jury an opportunity for careful consideration are unwarranted and often lead to great abuse."

The Supreme Court then stated that the remarks by the trial judge did not expressly or by implication indicate that the jury should reach a particular conclusion. The judgment was affirmed.

In *People v. Derrico*, 409 Ill. 453, 100 N.E.2d 607, the jury retired at about 3:30 p.m. At about 8 p.m. the court stated that unless the jury reached a verdict by 9 p.m. it would be sent to a hotel for the night. The jury requested and received extensions of time from 9 to 10 o'clock and then to 10:30. By that time a verdict was reached. The Supreme Court rejected the claim that this incident was error. The court pointed out that

the trial judge simply informed the jury that they would be accommodated overnight for the opportunity of further deliberation, if necessary. The trial judge "did not command, direct, or even request a verdict by a stated time." 409 Ill. 453, 464.

This portion of the argument by defendant in the case at bar is limited to the issue of coercive action by a trial court to hasten the jury deliberation. It does not involve a request by the jury for evaluation of evidence or for permission to review material not in evidence nor does it involve a request for a review of testimony. Compare *People v. Williams*, 60 Ill.2d 1, 322 N.E.2d 819, and authorities therein cited at page 13.

We do not find in the case before us any statement by the court which can be construed as an improper attempt to speed up the process of deliberation. The court twice expressly told the jurors that he did not wish to rush them into a verdict. He assured them that they would be comfortable as facilities were good and that their requests regarding telephone calls and messages would receive attention. In addition, precisely as noted in *Golub*, the record does not show how long the jury deliberations continued after the colloquy with the court until a verdict was reached. The foreman voluntarily told the judge that he was advised as of that very second that the period of 45 minutes stated by the judge, or even less, might be enough. We find no error in this regard.

Pertaining to the matter of the request by the jury for further instructions, the foreman never stated any specific question pertaining to instructions. He merely said to the court, "It's the interpretation of one of the instructions." In this regard defendant cites *Hunter v. Smallwood*, 28 Ill. App. 3d 386, 328 N.E.2d 344, which involved a request twice made by the jury to the bailiff for clarification of the forms of verdict. The record contained an affidavit by the jury foreman supported by three other jurors which stated that the jury was confused by the forms of verdict; did not know how to return verdicts in accordance with their agreement and that the lack of clarification was thus highly significant. The trial court there refused to meet with the jury or to clarify the verdict forms because both counsel had left the courthouse and the court did not wish to discuss the matter with the jury out of their presence. No attempt was made by the court to communicate with counsel.

In *Hunter*, the court cited two cases bearing upon the question of explanation of instructions during jury deliberation. In *People v. Harmon*, 104 Ill. App. 2d 294, 244 N.E.2d 358, a judgment was reversed because the instructions given by the court were incomplete and did not fully state the law. It was held that the trial judge had a duty of clarification. *Harmon* was cited in *People v. Kucala*, 7 Ill. App. 3d 1029, 288 N.E.2d 622. The court there stated that, "Where a jury has raised an explicit question on a point of law arising from the facts over where there is doubt or confusion,

the court should attempt to clarify the question in the minds of the jury members." 7 Ill. App. 3d 1029, 1035.

■■ In the case before us the instructions were not incomplete and, in fact, there is extreme doubt as to whether the jury ever actually requested a clarification. As shown, the foreman never stated any specific question but told the judge, "It's the interpretation of one of the instructions." When the judge responded that the jury had all of the instructions, the foreman virtually interrupted the judge and stated that 45 minutes or perhaps less might be enough for the jury to reach a verdict. In effect, far from a specific request for clarification, the general statement regarding interpretation was withdrawn by the foreman.

The jury instructions in this case were all taken from IPI—Criminal. The foreword to this volume sets out that the committee which prepared these pattern instructions for submission to the Supreme Court attempted to make them "free of error, and in simple, concise, unslanted, non-partisan language." This objective was accomplished and we believe that need for clarification of pattern instructions is indeed rare. In our opinion, the trial court acted properly in connection with the jury deliberations.

Judgment affirmed.

BURKE and SIMON, JJ., concur.