THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MOSES FREE, Defendant-Appellant.

First District (1st Division)   No. 57213

Opinion filed April 19, 1976.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Bertina E. Lampkin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

On April 28, 1971, Alvin Payton was shot and killed by defendant, Moses Free. Defendant was convicted of murder following a bench trial. The issues raised by defendant on appeal are whether he should have been convicted of voluntary manslaughter rather than murder either because he was acting under a sudden and intense passion resulting from serious provocation by the deceased or because defendant had an unreasonable belief that he had to use deadly force to prevent imminent death or great bodily harm to himself.

At approximately 6 p.m. on the day of the incident, defendant was at

the apartment of McArthur Edwards, brother-in-law of the decedent. Defendant gave the keys to his car to Alvin Payton so that Alvin could retrieve a baby's bottle from the defendant's car. A short time later defendant noticed that his car was missing. Defendant went out to look for his car, then returned and he and Edwards went to a tavern for a drink. About 15 minutes later, they returned to the apartment to wait for Alvin. Sometime after 9 p.m. Alvin returned with the car. Although the testimony is somewhat vague, it appears that defendant walked out to the street and approached the car as Alvin was making a "U" turn to park. Defendant testified:

> "When I stepped out on the street he acted like he didn't want to stop and so the car was near me and on my impulse I jumped back and the car slowed down.
>
> I told him to get out of the car and so he looked at me for a second and I said, 'Come on, get on out of the car, man.' So, he said, 'I don't have to get out.' He said, 'You punk m* * * * * f * * * * * *, I'll get out and beat your ass.' I said, 'No, you won't do it.' He said, 'I beat a punk like you to death,' and in fear of my life I pulled the gun and shot him."

Defendant shot at Alvin five times through the rolled-up window of the car. Defendant then dragged the body from the car and drove off.

The State argues that defendant's failure to raise the issue of voluntary manslaughter either at trial or in his written motion for a new trial constitutes a waiver of the question. We agree. The law on this point is not in dispute:

> "The general rule followed by this court is that the failure by the defendant to raise an issue in the written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a ground for reversal on review. [Citations]." *People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856. See also *People v. Sanders*, 37 Ill. App. 3d 236, 345 N.E.2d 757.

However, even considering the merits of defendant's arguments, as we may under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1971, ch. 110A, par. 615(a)), we do not believe the evidence warranted defendant's conviction of voluntary manslaughter rather than murder.

The first portion of the voluntary manslaughter section of the Criminal Code of 1961 states:

> "(a) A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:
>
> (1) The individual killed, or * * *.

Serious provocation is conduct sufficient to excite an intense passion in a reasonable person." Ill. Rev. Stat. 1971, ch. 38, par. 9—2.

■■ The only types of provocation recognized as serious enough to reduce the crime of murder to voluntary manslaughter are:

"* * * 'substantial physical injury or assault, mutual quarrel or combat, illegal arrest, and adultery with the offender's spouse; but not mere words or gestures or trespass to property.' " *People v. Crews* (1967), 38 Ill. 2d 331, 335, 231 N.E.2d 451.

As trespass to property is not recognized as sufficient provocation, the fact that the deceased took the defendant's car is of no aid to defendant. The alleged threatening words of the deceased fall in the same category. The only remaining provocation cited by the defendant is the alleged assault with the car, but viewing the totality of the circumstances we do not agree there was sufficient provocation to incite an intense passion in a reasonable man. The evidence of an intentional assault with the car by the deceased is miniscule and is easily interpreted as the deceased making a "U" turn, parking the car and defendant stepping in front of it to keep Alvin from leaving again.

■■ Defendant also argues that his act falls under the second portion of the voluntary manslaughter section of the Criminal Code:

"(b) A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his belief is unreasonable." (Ill. Rev. Stat. 1971, ch. 38, par. 9—2.)

Article 7 of the Criminal Code of 1961 provides:

"A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony." Ill. Rev. Stat. 1971, ch. 38, par. 7—1.

Even though defendant testified at trial that he shot Alvin Payton because he was in fear of his life, we find this to be incredible. By defendant's own admission, the deceased had no gun or knife, while defendant stood by the car well knowing he carried a loaded pistol. The deceased was in no way moving to attack defendant. In fact, the opposite was true. The deceased had refused to get out of the car after being requested to by the defendant. The door of the car was still closed and

the window was rolled up. We can only believe defendant's act arose from a malicious or revengeful intent. *People v. Wilkes* (1971), 2 Ill. App. 3d 626, 630-31, 276 N.E.2d 761.

The conviction and sentence of the defendant for murder are affirmed.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.