THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JACK E. PARROTT, Defendant-Appellant.

First District (1st Division)   No. 62665

Opinion filed July 12, 1976.

Michael Weininger, of Samuels and Weininger, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Michael R. Lewis, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Jack E. Parrott (defendant) was tried before a jury for unlawful use of weapons (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(7)). The indictment charged that, "he knowingly possessed and sold a shotgun with a barrel less than eighteen inches in length * * *." After a verdict of guilty, he was sentenced to 1 to 3 years. He appeals.

In this court defendant urges that he was denied the right of confrontation of witnesses by the repeated use of improper hearsay testimony; he was prejudiced and denied a fair trial by repeated testimony that he was engaged in planning miscellaneous robberies and distribution of large quantities of weapons and that he was not proven guilty beyond a reasonable doubt. The People respond that the testimony attacked as hearsay was proper and relevant to show the motive, knowledge and intent of the arresting officers; defendant has waived the right to object to the remaining allegedly prejudicial testimony because he pursued, emphasized and further developed testimony as to the same matters on cross-examination of police witnesses; and, finally, that defendant was proved guilty by positive and credible evidence beyond a reasonable doubt.

We reverse the judgment and remand the cause. Since under our view

the defendant must be tried again, we will refrain from expressing any opinion regarding defendant's guilt and we will not analyze the evidence in detail. (See *People v. Trotter* (1975), 27 Ill. App. 3d 136, 140, 326 N.E.2d 524, *leave to appeal denied*, 60 Ill. 2d 600; also *People v. McKinney* (1970), 126 Ill. App. 2d 339, 348, 261 N.E.2d 797, and cases there cited.) It seems extremely unlikely that the situation presented by this record will be duplicated in event of another trial. We therefore consider only the first contention raised by defendant which will, in our opinion, be dispositive of the appeal.

The testimony in behalf of the State was given by two arresting police officers. The first of these witnesses testified that on June 14, 1973, he received a department memorandum from the Intelligence Division of the Chicago Police Department. The trial counsel for defendant stated, "Objection." This general objection was overruled; the witness answered and the testimony continued as follows:

"A. On that date we received a department memorandum stating that firearms were being sold to street gangs on the northwest side of the City.

Q. When you received the memorandum, Investigator, were you given any specific instructions as to what to do?

A. Yes, sir, we were told to conduct a covert investigation to determine if there were said firearms being sold to street gangs.

Q. Were you told at any time to make any purchases of weapons if you could, Investigator?

A. We were told to make purchases if we could, yes, sir."

At this point, the State's attorney tendered a document to the witness. Counsel for defendant objected to the contents of the memorandum other than the fact that the witness had received it. The trial court stated that the document was merely being marked for identification. Trial counsel for defendant then stated that he wished a continuing objection on this point. The questioning and the responses continued as follows:

"Q. Ask you to examine that document and tell the ladies and gentlemen of the jury whether or not you recognize that document, Investigator?

A. Yes, sir, this is the memorandum that I received on the morning of the 14th.

Q. Other than the memorandum, Investigator, were you given anything else?

A. Yes, sir,—which accompanies the memorandum there is a picture of Mr. Parrott and included in the memorandum is Mr. Parrott's name and address.

Q. Did you have occasion, pursuant to receiving that memorandum and photograph, Investigator, to do anything?

A. We were instructed by our Commander to try and contact Mr. Parrott to see if he was indeed involved in the selling of firearms."

The State then called the second police officer who testified that he recognized the document marked for identification; that, "It is a police department inter-transmittal that we received informing us that a suspect was selling firearms to street gangs on the north side of the city." The witness further stated that a picture of the defendant was attached to the memorandum.

In final argument, the State's Attorney made specific mention that the police officers had received information about somebody selling guns to gangs; and that good honest police work resulted in the apprehension of defendant "who was selling guns for profit to gangs." In addition an objection made by trial counsel for defendant to the following argument was overruled and the State's Attorney made this additional statement:

"Do you hunt in the City of Chicago? For what, elephants? Is that what you do with this, or do you sell it to gangs? Do you sell these weapons to gangs for money for your own pocket while other people are being killed or maimed, other people such as oppossing [*sic*] gang people, youngsters fifteen and sixteen on the North, South or West side?

MR. KADISH [attorney for defendant]: Objection to this line.

THE COURT: He may argue."

The testimony of both of these officers as to the contents of the memorandum was offered for the purpose of establishing the truth of the statements therein contained. This is demonstrated by use of this evidence in the final argument of the State's Attorney. The declarant, some official of the police department or other unidentified person who had prepared the memorandum, was not present in court, under oath and subject to cross-examination in connection with this substantive evidence. The testimony of both of the witnesses was a classic example of improper and incompetent hearsay.

Hearsay is oral or written evidence of a statement made out of court which is offered to prove the truth of the matter asserted, thus depending completely for its value upon the credibility of the out-of-court declarant. Such statement is inadmissible because the party against whom it is offered lacks the opportunity to test the value of the statement by cross-examining its source. (*People v. Carpenter* (1963), 28 Ill. 2d 116, 121, 190 N.E.2d 738; *People v. Campbell* (1975), 28 Ill. App. 3d 480, 487, 328 N.E.2d 608.) The situation in the case before us is readily distinguishable from those instances in which a witness merely refers to the existence of an out-of-court statement without testimony regarding its contents. See *People v. Sanders* (1976), 37 Ill. App. 3d 236, 345 N.E.2d 757.

The State relies on *People v. Houston* (1974), 21 Ill. App. 3d 209, 315 N.E.2d 192, *cert. denied*, 420 U.S. 936, 43 L. Ed. 2d 412, 95 S. Ct. 1145, and *People v. Richardson* (1974), 21 Ill. App. 3d 859, 316 N.E.2d 37. Neither case is germane. In *Houston*, the court held that testimony, of the officer who arrested the defendant, that a woman had told him of two youths who had threatened her was proper because the complaining witness was present at trial and subject to cross-examination. In the case before us the defendant had no opportunity to cross-examine the source of the police memorandum in question. In *Richardson*, the defendant argued that testimony by a police officer that defendant had received the required *Miranda* warnings in his presence was incompetent hearsay. That case is inapposite here because the testimony there was offered to show that the warnings were given to defendant before he made a statement, and not to prove the truth of the *Miranda* warnings themselves.

Even absent the prohibition against hearsay evidence, the testimony here assailed is incompetent for another reason. The extrajudicial statements of the unidentified declarant regarding the identity of the alleged purchasers of weapons from defendant had neither relevancy nor probative value. This information was not an element of the charges against defendant which were simply possession and sale of the illegal weapon. It is common knowledge that there is a deep, bitter and widespread prejudice against street gangs in every large metropolitan area in America.

This type of prejudicial matter would be competent only if it were "relevant and otherwise admissible." (See *People v. Hairston* (1970), 46 Ill. 2d 348, 372, 263 N.E.2d 840, *cert. denied*, 402 U.S. 972, and cases there cited.) Neither essential is present in the case before us. In fact, the prejudicial effect of the hearsay matter was accentuated by the prosecutor's argument above quoted. The identity of the alleged buyer of weapons had no relationship to the intent, design or motives of the police officers. The contention of the State in this regard is manifestly incorrect.

The admission of the hearsay evidence in the case before us requires reversal of the judgment and remand of the cause for a new trial.

Reversed and remanded.

BURKE and O'CONNOR, JJ., concur.