THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM NORTON, Defendant-Appellant.

First District (5th Division)   No. 1—91—1119

Opinion filed December 31, 1992.

Michael J. Pelletier and Craig Jago Beauchamp, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Veronica X. Calderon, and Christopher Daddino, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

After a jury trial, defendant William Norton was found guilty of first degree murder and sentenced to 40 years' imprisonment. Defendant appeals, contending that: (1) the court improperly admitted evidence of defendant's gang affiliation; (2) the prosecutor committed reversible error when he failed to prove up the impeachment of defendant and an alibi witness with prior inconsistent statements; (3) the trial court erred in not allowing defense counsel to present hearsay evidence of a recanting eyewitness; and (4) the trial court abused its discretion by sentencing defendant to 40 years' imprisonment. For the reasons that follow, we affirm.

Fidel Torres testified that he was a member of the street gang, the Bishops, and that they were rivals of the Satan Disciples. Torres stated that in the evening of October 12, 1989, he was standing on a street corner with Javier Ortega, when defendant, whom he knew as "Benny," rode past in the back of a blue pickup truck and shot him. Defendant shot three more times, hitting Javier Ortega in the head. Ortega died as a result of the gunshot wound.

Maribel Mujica testified that she was in her third-floor apartment at 1727 West 18th Street, when she heard a shot, ran to the front window that overlooks 18th Street and saw a man standing in the back of a pickup truck shooting at Javier Ortega. She identified the man as William Norton, also known as "Benny." The father of Mujica's children is Fidel Torres. Mujica testified that Torres is a member of the street gang known as the Bishops. Mujica stated that she had seen that same pickup truck before with members of the Satan Disciples street gang in it.

Officer Tarka, of the Gang Crimes West Unit, testified that the area of the shooting was frequented by gangs known as the Latin Counts, the Bishops, and the Satan Disciples.

Defendant's friend, John Brown, testified that he spoke to defendant at 9:30 p.m. John went over to defendant's house at 10:30 p.m. and defendant did not leave in the half hour that John was present.

Manuel Brown testified that defendant never left the apartment from 9 p.m. to 12 a.m. on the night of the shooting. According to Manuel, defendant only talked to his girl friend on the phone. He also testified that John Brown came over at 10:30 p.m.

Defendant testified that he was a member of the Satan Disciples. He testified that he was home all night, helping Manuel pack, on the evening of October 12, 1989. Defendant stated that he knew Fidel Torres, that Torres was a member of the Bishops and that defendant and Torres disliked each other. Defendant stated that the only calls he received that evening were from his girl friend, mother and Manuel Brown's mother.

Defendant first contends that the trial court improperly allowed the jury to hear testimony that gangs frequented the area of the shooting and that defendant was a member of the Satan Disciples. We disagree.

■ Courts have recognized that there is often a strong prejudice against street gangs, particularly in metropolitan areas. (*People v. Parrott* (1976), 40 Ill. App. 3d 328, 352 N.E.2d 299.) Despite this fact, evidence concerning a defendant's gang affiliation is admissible if it is relevant to the charges filed against the defendant. (*People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840.) If defendant's gang affiliation is relevant, it is admissible even if it is prejudicial to the accused since in such a case the probative value of the evidence outweighs the prejudicial impact. (*People v. Buchanan* (1991), 211 Ill. App. 3d 305, 570 N.E.2d 344.) Evidence of a defendant's gang membership is relevant and admissible to provide a motive for an otherwise inexplicable act. *People v. Smith* (1990), 141 Ill. 2d 40, 565 N.E.2d 900.

■ The testimony at trial revealed that Fidel Torres and Javier Ortega were members of the Bishops and that the Bishops were rivals of the Satan Disciples. The testimony further revealed that defendant was a member of the Satan Disciples. In addition, Officer Tarka testified that the area of the shooting was frequented by the Bishops and their rival gang the Satan Disciples and that drive-by shootings are prevalent in that community. This testimony was clearly relevant to establish a motive for the shooting.

■ Defendant next maintains that the prosecutor committed reversible error by failing to prove up the impeachment of defendant and an alibi witness with prior inconsistent statements. When a prosecutor insinuates the existence of a prior inconsistent statement by the witness and the witness either denies or is unable to recall making the statement, the prosecutor must produce evidence that the prior inconsistent statement was made. (*People v. Morris* (1979), 79 Ill. App. 3d 318, 398 N.E.2d 38.) Although the failure to follow through with proof of a prior inconsistent statement is error, such error may be harmless where there is other positive evidence of defendant's guilt. *People v. Allan* (1992), 231 Ill. App. 3d 447, 595 N.E.2d 1317.

The record supports defendant's argument that the prosecutor did not complete the impeachment of defendant or his alibi witness, and then in closing argument briefly reiterated the substance of the impeached evidence. Nonetheless, we find these errors harmless. The jury was instructed that statements made during closing argument are not evidence and any statement or argument made by an attorney which is not based on evidence should be disregarded. (See *People v. Hrowbowski* (1991), 216 Ill. App. 3d 711, 575 N.E.2d 1386.) Furthermore, there was overwhelming evidence of defendant's guilt.

■ Defendant next contends that the trial court erred in not allowing defense counsel to present hearsay evidence of an absent recanting eyewitness to determine the substance and materiality of her new testimony.

Defense counsel made a motion for a new trial, contending that Maribel Mujica confided to him after trial that she had been pressured by the police to testify falsely at trial. However, Mujica never appeared in court to testify to such. Instead, defense counsel sought to have his secretary testify using her notes taken during the interview with Mujica. Defendant claims that the trial court erred in not hearing the hearsay testimony of defense counsel's secretary before denying defendant's motion for a new trial.

A motion for a new trial based on newly discovered evidence is left to the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. (*People v. Martin* (1983), 112 Ill. App. 3d 486, 445 N.E.2d 795.) Here, the trial court did not abuse its discretion in denying defendant's motion for a new trial. The recanting witness failed to appear at any of the scheduled court dates, and the trial court certainly did not abuse its discretion in refusing to admit the hearsay testimony of defense counsel's secretary about the content of Maribel Mujica's recantation statements.

■ Furthermore, while defendant claims that defense counsel was ineffective in failing to subpoena Mujica, there is no indication that had Mujica been subpoenaed, the trial court would have granted a new trial. Recantation testimony is ordinarily not a sufficient basis for a new trial. (*People v. Bushey* (1988), 170 Ill. App. 3d 285, 524 N.E.2d 738.) Moreover, it may have been defense counsel's trial strategy not to subpoena Mujica. Defense counsel may have been concerned that if he subpoenaed Mujica, she would have been uncooperative with him and possibly not give her recanted testimony.

■ Lastly, we find no merit to defendant's final contention that his 40-year sentence is excessive in light of defendant's age, education, employment and rehabilitative potential. The imposition of a sentence is a matter of judicial discretion and, absent an abuse of discretion, the sentence of a trial court may not be altered upon review. (*People v. Stewart* (1989), 186 Ill. App. 3d 833, 542 N.E.2d 915.) Defendant was convicted of first degree murder, which provides a sentence of not less than 20 years and not more than 60 years. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(1)(a).) While the trial court did in fact consider defendant's age and background as mitigating factors, the trial court also considered the aggravating factors of the nature of the crime and the fact that as of the date of sentencing, defendant was on probation for possession of a stolen motor vehicle. The trial court weighed these factors and came up with a sentence within the statutory range which was not an abuse of discretion.

Accordingly, based on the reasons set forth above, we affirm.

Affirmed.

GORDON and COUSINS, JJ., concur.