THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HANS C. KOLB, Defendant-Appellant.

First District (3rd Division)   No. 1—93—1616

Opinion filed June 28, 1995.

486

Raymond G. Bendig, of Abrams & Minkus, of Skokie, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee G. Goldfarb, Sang Won Shim, and Nicholas D'Angelo, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a bench trial, defendant, Hans Kolb, was convicted of driving under the influence of alcohol, driving on the sidewalk, and negligent driving. Defendant was sentenced to two years' conditional discharge, 30 days in the Cook County Department of Corrections, a $490 fine, and attendance at a victim impact session. On appeal, there are two issues for review: (1) whether the State proved defendant guilty beyond a reasonable doubt; and (2) whether the trial court erred in denying defendant's motion for a new trial. We affirm.

On July 3, 1991, around 10:40 p.m, a Chevrolet Tracker wagon smashed into three cars parked outside Billy Lou's Lounge located at 4152 N. Lincoln Avenue in Chicago, Illinois. Ralph Knebelsberger, whose car got damaged by the Tracker, testified that he parked his car in front of the bar around 10 p.m. and was sitting at the bar when he heard a loud crash. He ran outside to see what happened. He was outside around 10 seconds after he heard the crash and saw defendant's Tracker on the sidewalk. Knebelsberger testified he saw defendant on the driver side and a woman on the passenger side of defendant's vehicle. Knebelsberger and two other people grabbed defendant's arms and helped him out of the vehicle. Defendant was "pretty shook up and he smelled of alcoholic beverages, very unsteady."

June Schwebke, another patron at Billy Lou's Lounge that night, testified that she thought Knebelsberger might have been the first or second person outside after the crash. Schwebke also observed a woman holding a bottle of wine trying to leave the scene by hailing a cab, but she was not allowed to do so by people at the scene.

Officer Pike testified she saw three parked cars damaged by a Tracker that was facing the wrong way on the sidewalk. The officer talked to defendant at the scene for 15 minutes. Defendant told the officer that he was the driver of the Tracker and that he was not injured. Officer Pike observed that defendant was wobbling, his eyes were watery and bloodshot and he was confused. The officer also stated that from two feet away defendant had a strong odor of alcoholic beverage on his breath. Defendant, however, refused to take a breathalyzer test or perform field sobriety tests. In addition, the officer testified that based on her personal and professional experience she concluded that defendant had been driving under the influence of alcohol. Officer Pike further testified that when she arrived at the scene there was a woman in the custody of the tactical officers.

Defendant testified that he had hosted a party that evening. Defendant had 8 to 10 people at his house. Among those people was Sheila King, whom defendant had never seen before. Defendant did not know whether she had arrived with one of the guests or whether she had just walked in. King told defendant that her mother had cancer and was not answering the phone so she wanted to go and check on her mother's condition. Defendant offered King his vehicle to drive to her mother's home a few blocks away. He did not offer to drive because his license was suspended. Since defendant did not know King, however, he went with her in the vehicle. At the time, defendant was barefoot, was wearing a pair of shorts and a T-shirt, and did not have his wallet with him. King was not familiar with the stick shift so defendant had to instruct her how to operate it. Near the tavern, two blocks from defendant's house, he heard a big noise and thought one or two tires blew out. The Tracker, which was going southbound, spun around and ended up northbound on the sidewalk hitting parked cars. The Tracker's passenger door was jammed against one of the damaged cars.

Defendant further testified that at the moment of impact, King jumped out of the Tracker and ran down the street trying to flag a cab. Because King had exited leaving the motor running, defendant slid to the driver's side, put the car in gear and turned the key off. Defendant then exited through the driver's side. Defendant denied being helped out of the vehicle. Defendant also denied telling the officer that he was the driver of the Tracker.

Maria Rajaakovich, defendant's housekeeper for three years, testified that she gave King the keys to the Tracker. Although the housekeeper could not see who was driving as the Tracker exited defendant's garage, she saw that defendant was on the passenger side.

The trial court found defendant guilty. Defendant filed a motion for a new trial based on newly discovered evidence. At the hearing on the motion for a new trial defendant testified that around March 1992, King moved out of State and he could not locate her. Defendant therefore placed an advertisement in a neighborhood newspaper in an attempt to locate another witness. The advertisement ran monthly from March 1992 until November 1992. Several people responded to the advertisement, but Jason Daniels was the only caller defendant believed had actually seen the crash. According to defendant, he was aware of Daniels as a new witness as of August 1992 and informed defense counsel of his existence three or four times while the case was pending. Defense counsel admitted to the trial court that the potential new witness' testimony would simply corroborate defendant's trial testimony. The court denied the motion.

■ On appeal, defendant's first contention is that he was not proven guilty beyond a reasonable doubt. The relevant inquiry upon judicial review of the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) (*Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.) Although Knebelsberger was not an eyewitness to the crash, he saw defendant on the driver's side and a woman on the passenger side only 10 to 15 seconds after the crash occurred. It is undisputed that the Tracker ended up on the sidewalk and the passenger door was inoperable because it was jammed against a parked car. In addition, there was evidence that defendant admitted to an officer at the scene that he was the driver. The officer testified that based on her experience and observations of the defendant she concluded the defendant was under the influence of alcohol.

The trier of fact is in a better position to determine credibility because we are unable to observe the demeanor of the witnesses; therefore, absent evidence so contrary to the verdict as to cause a reasonable doubt of defendant's guilt, we will not substitute our judgment for that of the trier of fact. (*People v. Cooper* (1987), 164 Ill. App. 3d 734, 737, 518 N.E.2d 260, 262.) Defendant testified that he had never met King before that night, nor did he know whether she just happened to walk in to his party uninvited. Defendant, however, left his guests to go with King to check on her mother. Defendant then let King drive his Tracker even though she did not know how to operate the stick shift. The trial court found defendant's testimony "less than credible." After reviewing the record, we find that the evidence was sufficient for a reasonable trier of fact to find defendant guilty beyond a reasonable doubt.

Defendant next contends that the trial court erred in denying defendant's motion for a new trial. The denial of a motion for a new trial based on newly discovered evidence will not be disturbed on appeal absent an abuse of discretion. (*Cooper*, 164 Ill. App. 3d at 741, 518 N.E.2d at 265; *People v. Norton* (1992), 244 Ill. App. 3d 82, 85, 614 N.E.2d 31, 34.) To be granted a new trial based upon newly discovered evidence, the evidence must be of such conclusive character that it will probably change the result on retrial; the evidence must be material and not merely cumulative; and the evidence must have been discovered since the trial and not have been discoverable prior to the trial by the exercise of due diligence. (*People v. Johnson* (1986), 148 Ill. App. 3d 163, 171-72, 498 N.E.2d 816, 821.) We find no abuse of discretion in the court's refusal to grant a new trial.

■ Defense counsel stated that Daniels would corroborate defendant's testimony and lend further credibility to his testimony. The motion for a new trial alleged that Daniels' testimony would be "that he witnessed the accident, saw a female black exit the driver's seat, saw Mr. Kolb slide over from the passenger seat to the driver's seat, saw Mr. Kolb turn off the vehicle, and saw Mr. Kolb exit the driver's door as the passenger door was blocked." After reviewing the record, we find that defendant testified to those facts at trial. Defendant's housekeeper also testified that King was in the driver's seat. Therefore, Daniels' testimony would be merely cumulative. Additionally, defendant cannot establish due diligence because defendant knew of the existence of Daniels as a potential witness two months before the trial and did not secure his testimony at that time.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

TULLY and CERDA, JJ., concur.