Charles Bassil **CLEMENTS**, Jr.,
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16021.

United States Court of Appeals
Ninth Circuit.

Jan. 7, 1959.

398

Charles B. Clements, Jr., Leavenworth, Kan., in pro. per.

Robert H. Schnacke, U. S. Atty., Bernard Petrie, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

In an appeal from an order denying a motion to vacate sentence under 28 U.S.C.A. § 2255, three questions are raised. First, in the District Court, it was said the motion was denied without a hearing. Second, in the District Court and here, it is claimed that the statute of limitations, as amended, was not applicable to the situation. Lastly, it has been urged insistently that the crimes were committed while a three-year statute of limitations was in effect and that an amendment to that statute enacted well before three years had expired after such acts, which increased the period of limitation to five years, was ex post facto and void for unconstitutionality.

An indictment was returned by Grand Jury against Clements on March 20, 1957, in eight counts, each of which charged him with the transportation in interstate commerce of Betty La Verne Clements for the purpose of prostitution. The dates of these acts were charged respectively as March 23, 1952, March 27, 1952, March 30, 1952, April 18, 1952, April 27, 1952, April 28, 1952, and twice in July, 1952.

Defendant pleaded guilty to counts one and two and was sentenced to five years concurrently thereon. The other counts were thereupon dismissed by the same order.

Thus defendant pleaded guilty to two crimes committed on March 23, 1952, and March 27, 1952, respectively. The statute of limitations as to such crimes at the dates of commission prescribed a period of three years. On September 1, 1954, an amendment to this statute extended the time of limitation to five years and provided expressly that the extended period should apply to offenses prior to the enactment of the amendment, if the prosecution had not been then already barred.[1]

■ There is nothing to the first point. The crime fell within the amend-

1. 18 U.S.C.A. § 3282, as amended by this Act, is as follows: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed. As amended Sept. 1, 1954, c. 1214, § 10(a), 68 Stat. 1145."

ment. By virtue of its provisions, the period of limitation was extended to five years from the date of commission.[2] The indictment was filed on March 20, 1957, before five years had elapsed from the dates of commission of the crimes to the charges of which defendant pleaded guilty. These were March 23, 1952, and March 27, 1952.

The three-year statute had not run upon September 1, 1954, the date of passage of the amendment, and therefore, according to the express terms of the statute, the five-year limit took effect as to these acts of defendant. For purposes of clarity, we rule upon this point although it has now been abandoned.

■ Secondly, the claim that the District Court arbitrarily and capriciously denied the motion before the date noticed by appellant for the hearing deserves no notice. Clements was appearing in his own person without attorney. He was incarcerated half a continent away and could not attend upon the day set. The motion raised no factual issue, but only questions of law which could be answered by consideration of its face alone.[3]

■ The amendment was not an ex post facto law. It did not render a previously innocent act criminal. This statute did not aggravate or increase the punishment for the crimes here involved. The enactment did not alter the rules of evidence. An innocent act was not thereby penalized while assuming to regulate civil rights and remedies. Nor was the accused deprived thereby of some protection or defense previously available.

The amendment was not retroactive in substance or effect. At the time Clements committed the crimes, of which he was found guilty on his own plea, the statute of limitations applicable thereto was three years. He could have been prosecuted therefore at any time during the year 1954. At a time when an indictment could have been validly found against him which would not have been subject to a defense of the statute of limitations, Congress on September 1, 1954, amended the enactment. A new limitation upon these crimes was thereby validly established. An indictment found on that day would have tolled the statute of limitations. There cannot be denied to the amendment the effect which a valid indictment found on that day would have had. His situation was not altered to his disadvantage thereby. The new statute was not an ex post facto law. It did not offend any other constitutional provision. Due process was accorded. The action of Congress does not offend the sense of justice and right.[4]

Affirmed.

2. The amendment in pertinent part is as follows: "The amendment made by subsection (a) shall be effective with respect to offenses * * * (2) committed prior to such date [September 1, 1954], if on such date prosecution therefor is not barred by provisions of law in effect prior to such date." 68 Stat. 1145, approved September 1, 1954. This subsection (b) does not appear in the codified text of 18 U.S.C. § 3282 for the obvious reason that this provision is temporary and evanescent. Crimes committed in this narrow period of time will soon be outlawed in any event. See 18 U.S.C. § 3282 note. It is the policy of Congress to include in the code only permanent enactments. Subdivision (b), § 10, 68 Stat. 1145 is law.

3. 28 U.S.C.A. § 2255 does not require the court to hold a hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

4. See United States v. Powers, 307 U.S. 214, 59 S.Ct. 805, 83 L.Ed. 1245, rehearing denied, 308 U.S. 631, 60 S.Ct. 66, 84 L.Ed. 526. "Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake forgives it." Falter v. United States, 2 Cir., 23 F.2d 420, 425-426, certiorari denied 277 U.S. 590, 48 S.Ct. 528, 72 L.Ed. 1003. United States v. Kurzenknabe, D.C., 136 F. Supp. 17.