STATE of Minnesota, Respondent,

v.

Leonard Eugene PACKER, Appellant.

No. 49852.

Supreme Court of Minnesota.

July 3, 1980.

C. Paul Jones, Public Defender, and Phebe S. Haugen, Sp. Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen. and Barbara D. Gill, Sp. Asst. Atty. Gen., St. Paul, Larry K. Mickelberg, County Atty., Moorhead, for respondent.

WAHL, Justice.

Defendant was tried in district court on two counts of criminal sexual conduct in the first degree and one count in the second degree, Minn.Stat. §§ 609.342(a) and 609.-343(a) (1978). The jury found him not

guilty of the two counts of criminal sexual conduct in the first degree but guilty of two lesser included offenses of second degree, along with the charged offense of second degree. On this appeal from judgment of conviction defendant, who was sentenced to concurrent limited maximum prison terms of 5 years, contends (1) that the evidence of his guilt was legally insufficient and (2) that the trial court erred (a) in excluding evidence that when complainant was 5 or 6 years old an elderly man had fondled her, and (b) in giving certain supplementary instructions to the jury after the jury, which had deliberated for about 5 hours, stated it was split 10 to 2 and was having a problem. We affirm.

■ There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. While corroboration is not a formal requirement in prosecutions under §§ 609.342 to 609.346 (1978)— see § 609.347, subd. 1 (1978)—we have stated that there will be cases in which the testimony of the complainant and the evidence put forth by the defense are such that a reversal may be necessary absent corroboration. *State v. Ani*, 257 N.W.2d 699 (Minn.1977). In this case there was strong corroboration of defendant's guilt.

■ Under R. 404, R.Evid. (which replaced the evidentiary provisions adopted by the legislature in § 609.347, subd. 3), the trial court properly excluded the evidence that complainant had been the victim of a sex offense 6 years earlier.

■ While the trial court should have given the instruction approved in *State v. Martin*, 297 Minn. 359, 211 N.W.2d 765 (1973) as part of its original instructions, thereby forewarning the jury how it should proceed to forestall a deadlock before there was a majority or minority, the trial court did not prejudicially err in giving this instruction for the first time when the jury appeared to be deadlocked. ABA Standards, Trial by Jury, § 5.4(b) (1968). The instruction was balanced and was neither intended to nor likely to coerce a verdict. The court's mention that if the jury wished to adjourn deliberations for the night it would be sent to a motel was proper. *Schultz v. State*, 290 N.W.2d 778 (Minn. 1980); *State v. Hill*, 287 N.W.2d 918 (Minn. 1979).

Affirmed.