682 F.2d 688
 UNITED STATES of America ex rel. Benedetto J. MASSARELLA,
Petitioner-Appellant,
v.
Richard J. ELROD, Sheriff of Cook County, Illinois and
Tyrone Fahner, Attorney General of Illinois,
Respondents-Appellees.
 No. 81-1571.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 14, 1982.
Decided July 14, 1982.
 
 Julius Lucius Echeles, Chicago, Ill., for petitioner-appellant.
 E. James Gildea, Schwartz & Freeman, Chicago, Ill., for respondents-appellees.
 Before CUDAHY, Circuit Judge, and PECK* and FAIRCHILD, Senior Circuit Judges.
 PECK, Senior Circuit Judge.
 
 
 1
 Massarella appeals from the denial of his petition for a writ of habeas corpus. He raises numerous issues on appeal, but only one is of moment. That issue is whether Massarella's conviction of the felony of perjury in Illinois' courts violated the ex post facto clause of the Federal Constitution. U.S.Const. art. I, § 10, cl. 1.
 
 
 2
 The facts of Massarella's case are recited in detail in People v. Massarella, 80 Ill.App.3d 552, 36 Ill.Dec. 16, 400 N.E.2d 436 (1979) cert. denied, Massarella v. Illinois, 449 U.S. 1077, 101 S.Ct. 855, 66 L.Ed.2d 799 (1981), and will be stated only briefly here. In 1973 an Illinois jury found Massarella guilty of conspiracy, theft, and one count of perjury. He was sentenced to five years' probation, including two years' periodic imprisonment, for the theft, and one to three years' imprisonment for the perjury. The sentences were to run concurrently. Massarella was also fined, but the present record is not clear on the total amount, nor on the offenses for which fines were imposed.[1]
 
 
 3
 The history of Massarella's perjury conviction is a convoluted one. Massarella was indicted on June 8, 1973, for statements made around August 30, 1971. At the time of the commission of the perjury, the offense was an "indictable misdemeanor," punishable as either a misdemeanor or a felony. See Ill.Rev.Stat. ch. 38, § 32-2 (1969).[2] At the time of Massarella's indictment, the offense was a "pure" felony. See Ill.Rev.Stat. ch. 38, § 32-2 (1973). The change was effected by the Illinois Unified Code of Corrections, which, Massarella argues, also extended the limitation period for prosecution of perjury from eighteen months to three years. The extension took effect in January of 1973, approximately one month before the former eighteen month statute would have barred Massarella's perjury prosecution. (Massarella was not indicted until about twenty-two months after the perjury was committed.) In this appeal, Massarella argues that, as applied to his case, both the extension of the limitations period and the reclassification of the perjury from "indictable misdemeanor" to felony violate the ex post facto clause of the Constitution.
 
 
 4
 Massarella's objection to the enlargement of the limitation period has no merit. Extending a limitation period before a given prosecution is barred does not violate the ex post facto clause. Clements v. United States, 266 F.2d 397, 399 (9th Cir.), cert. denied, 359 U.S. 985, 79 S.Ct. 943, 3 L.Ed.2d 934 (1959). As the Supreme Court recently noted, "no ex post facto violation occurs if the change effected is merely procedural, and does 'not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt.' " Weaver v. Graham, 450 U.S. 24, 29 n.12, 101 S.Ct. 960, 964, n.12, 67 L.Ed.2d 17 (1981), quoting Hopt v. Utah, 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884). The extension of the statute of limitations in this case was just such a "merely procedural" change.
 
 
 5
 The reclassification of the offense is more troublesome. The state argues that the reclassification was merely nominal, since Massarella, as the new Unified Code required, was permitted to choose between being sentenced under the Unified Code or under the law as it stood at the commission of the perjury. Massarella rationally chose to be sentenced under the later law, which set a higher fine but a lower maximum prison sentence for perjury.[3] He now contends that the reclassification of the offense, apart from direct changes in possible sentences, created a host of adverse collateral consequences[4] that fall on a convicted felon. Whether this retrospective reclassification worsens the conditions imposed under the former state law is a federal question. See Weaver v. Graham, supra, 450 U.S. at 33, 101 S.Ct. at 966; Lindsey v. Washington, 301 U.S. 397, 400, 57 S.Ct. 797, 798, 81 L.Ed. 1182 (1937). In this case, however, it is a question involving numerous and subtle issues of state law.
 
 
 6
 It is not at all clear that Illinois would not have considered Massarella a felon had he been convicted of perjury in 1971. In 1971 in Illinois, perjury was punishable with a penitentiary sentence. Ill.Rev.Stat. ch. 38, § 32-2 (1969). Under a literal reading of the statutes then in force, the offense was thus a felony. Id. § 2-7. On this appeal, however, the state argues that Massarella now stands convicted of a misdemeanor, apparently conceding that the offense was so classed under former law, at least for the purpose of determining the collateral consequences of a perjury conviction.
 
 
 7
 We must, however, reject the state's argument that, by operation of a state statutory provision concerning the application of the Uniform Code of Corrections,[5] Massarella does not now stand convicted of a felony. For determining the period of limitation on Massarella's perjury prosecution, the state unquestionably classed the offense a felony. See Ill.Rev.Stat. ch. 38, § 3-5; id. § 32-2 (1973). Yet after conviction, the state argues a different classification of the offense from statutes dealing only with punishment of the offense. In short, the state has pointed to nothing to show that Massarella will not suffer the collateral consequences of which he complains. We hold, therefore, that Massarella's conviction of the retroactively reclassified offense of perjury violated the ex post facto clause.
 
 
 8
 The matter of remedies is a difficult one in this case. Massarella seeks an unconditional writ that would have the effect of vacating his perjury conviction. The Supreme Court, however, has noted that "(t)he proper relief upon a conclusion that a state prisoner is being treated under an ex post facto law is to remand to permit the state court to apply, if possible, the law in place when his crime occurred." Weaver v. Graham, supra, 450 U.S. at 36-37 n.22, 101 S.Ct. at 968-69 n.22. (Citing Lindsey v. Washington, supra, 301 U.S. at 402, 57 S.Ct. at 799.) In so remanding, we are confident that there is little need to point out the constitutional pitfalls of imposing on Massarella any more onerous sentence than he originally received.
 
 
 9
 Before remanding to the state court, however, the district court should resolve the fact question whether Massarella was fined $10,000 for his perjury conviction. If so, this fine would, under the principles noted above, be an ex post facto violation.
 
 
 10
 We have fully considered Massarella's other arguments and hold that none establishes errors for which habeas corpus relief is appropriate. The judgment of the district court is reversed, and the case remanded for action not inconsistent with this opinion.
 
 
 
 *
 Honorable John W. Peck, Senior Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation
 
 
 [1]
 People v. Massarella, 53 Ill.App.3d 774, 10 Ill.Dec. 912, 368 N.E.2d 507, 508 (1977) reports $10,000 fines for both the theft and perjury convictions. The Illinois Supreme Court, reversing, noted only one $10,000 fine, but did not tie it to any offense. See 72 Ill.2d 531, 21 Ill.Dec. 898, 382 N.E.2d 262, 263 (1978). On remand, the Illinois Court of Appeals noted only one fine imposed on Massarella individually. See 80 Ill.App.3d 552, 36 Ill.Dec. 16, 400 N.E.2d 436, 441 (1979)
 
 
 [2]
 An indictable misdemeanor is a relatively new type of offense, created over the last decade or two in connection with new types of criminal conduct, as to which conduct the legislature appears to wish to give the State and/or trial judge a broad discretion in respect of penalty, ranging from the felony penalties of imprisonment in the State penitentiary for more than one year and/or a fine, to the misdemeanor penalties of imprisonment in a correctional institution other than the penitentiary for not more than one year and/or a lessor (sic) fine
 People v. Houston, 21 Ill.App.3d 209, 315 N.E.2d 192, 195 (1974), cert. denied, Houston v. Illinois, 420 U.S. 936, 95 S.Ct. 1145, 43 L.Ed.2d 412 (1975).
 
 
 [3]
 The state does not argue that this choice constituted a waiver of any of Massarella's rights under the ex post facto clause
 
 
 [4]
 These consequences include: ineligibility for state elective office, Ill.Rev.Stat. ch. 38, § 1005-5-5 (1973); longer curtailment of voting rights, Ill.Const. art. III, § 2 (1970); and disqualification from holding numerous licenses
 
 
 [5]
 Ill.Rev.Stat. ch. 38, § 1008-2-4 (1973), provides that sentences under the Uniform Code apply "if they are less than under the prior law upon which the prosecution was commenced." The provisions of the Code are severable, should individual ones be held invalid. Id. § 1008-4-1