STATE of Minnesota, Respondent,

v.

**Gary Neal BURNS, Appellant.**

No. C9–94–332.

Court of Appeals of Minnesota.

Dec. 6, 1994.

Review Denied Jan. 13, 1995.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Mark V. Griffin, Asst. County Atty., Minneapolis, for respondent.

John M. Stuart, State Public Defender, Marie L. Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by SHORT, P.J., and RANDALL and JONES *, JJ.

## OPINION

SHORT, Judge.

A jury convicted Gary Neal Burns of one count of criminal sexual conduct in the first degree in violation of Minn.Stat. § 609.342, subd. 1(h)(iii) (1992), and acquitted Burns of another criminal sexual conduct charge against a different victim. The trial court sentenced Burns to the presumptive term of forty-three months in prison. On appeal, Burns argues: (1) his prosecution was barred by the United States and Minnesota Constitutions' prohibition of ex post facto laws; and (2) there is insufficient evidence to sustain the conviction.

## FACTS

Burns married his high school sweetheart later in life after re-establishing contact with her. Their son (born 1980) and Burns's wife's son from a previous marriage (born 1975) lived with them.

In 1986, Burns's 6–year–old son and 11–year–old stepson were removed from the home because the boys claimed their mother was physically abusing them. That same year, Burns and his wife separated. During the investigation that followed these allegations of abuse, neither boy reported any sexual abuse by Burns. Child protection officials concluded the mother was physically abusing the children, and each boy went to live with his respective father. In 1990, Burns and his wife reconciled. The couple lived with their biological son and their new baby. The stepson continued to live with his biological father.

In 1993, Burns's stepson, then 17 years old, accused Burns of sexually abusing him from August 2, 1982 through February 28, 1986. When questioned by authorities, Burns's 13–year–old biological son also alleged that Burns sexually abused him during the same period. Burns denied these allegations. The state charged Burns with two counts of criminal sexual conduct. A jury convicted Burns of sexually abusing his stepson, but acquitted him on the charge relating to his biological son.

## ISSUES

I. Does the legislature's retroactive extension of the limitations period for an offense which was not yet time barred violate the United States and Minnesota Constitutions' prohibition of ex post facto laws?

II. Was the evidence sufficient to support the conviction?

## ANALYSIS

I.

The construction of a statute is a question of law for the court, and is subject to de novo review on appeal. *Doe v. Minnesota State Bd. of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989); *State v. Moore*, 431 N.W.2d 565, 567 (Minn.App.1988). We therefore need not defer to the trial court's findings regarding the validity of Minn.Stat. § 628.26(c) (1992) (limitation on indictments or complaints for criminal sexual conduct if victim was under age 18). *Moore*, 431 N.W.2d at 567.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

■ One who challenges the constitutionality of a statute must overcome every presumption in favor of its constitutionality. *Miller Brewing Co. v. State*, 284 N.W.2d 353, 356 (Minn.1979); *see* Minn.Stat. § 645.17(3) (1992) (courts are to presume the legislature does not intend to violate the constitution of the United States or of this state). An appellate court's power to declare a statute unconstitutional is to be exercised only when absolutely necessary and then with extreme caution. *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989).

■ Burns argues the charges against him should have been dismissed because the legislature's extension of the applicable statute of limitations violates the ex post facto provisions of the United States and Minnesota Constitutions. U.S. Const. art. I, § 10, cl. 1; Minn. Const. art. I, § 11. A criminal law falls within the ex post facto prohibition if: (1) it applies to events occurring before its enactment; and (2) it disadvantages the offender affected by it. *Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987).

By complaint dated July 15, 1993, the state charged Burns with criminal sexual conduct occurring between 1982 and 1986. At the time the criminal conduct occurred, the limitations period for the offense was seven years. *See* Minn.Stat. § 628.26(c) (1982) (limitation on indictments or complaints for criminal sexual conduct if the victim and the actor were in a familial relationship). Under the 1982 version of the statute of limitations, the last date Burns could have been charged with the offense was February 28, 1993.

In 1989, however, the legislature amended the limitations period for violations of Minn. Stat. § 609.342–.345 (1988) (criminal sexual conduct) if the victim was under age 18. 1989 Minn.Laws ch. 290, art. 4, § 17. Under that version of the statute of limitations, if an offense was not reported within the seven-year limitations period, the limitations period would expire two years after the offense was first reported to law enforcement authorities. Minn.Stat. § 628.26(c) (1990). The 1990 version of the statute of limitations expressly applied to "crimes committed on or after that date, and to crimes committed before that date if the limitations period for the crime did not expire before August 1, 1989." 1989 Minn.Laws ch. 290, art. 4, § 22.

In 1991, the legislature again amended the statute of limitations and applied it retroactively to crimes for which the limitations period did not expire by August 1, 1991. *See* 1991 Minn.Laws ch. 232, §§ 3, 4 (extending limitations period to three years after the offense was first reported to law enforcement authorities). Because the original limitations period for an offense stemming from Burns's criminal conduct did not expire until February 28, 1993, the legislature's amendments applied to permit the filing of a complaint against Burns in July 1993. The state's criminal complaint was filed within four months of the first report of the offense to the police. Burns acknowledges the charges against him were not time barred under the amended statute of limitations.

■ Burns claims the amendments deprive him of a defense which would have been available to him under the 1982 version of the statute of limitations. *See Dobbert v. Florida*, 432 U.S. 282, 292, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977) (any statute which deprives one charged with a crime of any defense available at the time the act was committed is prohibited as ex post facto). We disagree. The statute of limitations becomes a defense or protection from prosecution only after the limitations period has elapsed. *See Clements v. United States*, 266 F.2d 397, 399 (9th Cir.) (statute of limitations not a defense to prosecution when it had not run before date of amendment extending it), *cert. denied*, 359 U.S. 985, 79 S.Ct. 943, 3 L.Ed.2d 934 (1959). As Judge Learned Hand explained:

> [I]t is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us

to have it extended beyond the time first set, or, if it does, the state forgives it. *Falter v. United States,* 23 F.2d 420, 425–26 (2d Cir.), *cert. denied,* 277 U.S. 590, 48 S.Ct. 528, 72 L.Ed. 1003 (1928). Moreover, no ex post facto violation occurs if the change effected is merely procedural and does not increase the punishment, change the elements of the offense, or change the ultimate facts necessary to establish guilt. *United States ex rel. Massarella v. Elrod,* 682 F.2d 688, 689 (7th Cir.1982), *cert. denied,* 460 U.S. 1037, 103 S.Ct. 1426, 1427, 75 L.Ed.2d 787 (1983). We conclude that the legislature's retroactive extension of the limitations period before prosecution of the underlying offense is time barred is a merely procedural change which does not violate the constitutional ex post facto prohibition. *See id.* (holding same).

■ Burns argues such reasoning should not be applied in Minnesota because the Minnesota Supreme Court has held statutes of limitations to be both procedural and substantive. *See State v. Johnson,* 514 N.W.2d 551, 555 (Minn.1994) (statutes of limitations are procedural in that they regulate when a party may file a lawsuit and are substantive in that they are outcome determinative). As a matter of constitutional law, however, statutes of limitations go to matters of remedy, not to destruction of fundamental rights. *Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945); *Johnson,* 514 N.W.2d at 555 n. 7; *see also State v. Creekpaum,* 753 P.2d 1139, 1144 n. 13 (Alaska 1988) (for purposes of ex post facto analysis, criminal statutes of limitations are procedural). The procedural aspects of the statute of limitations predominate in a case such as this one where the limitations period on the underlying offense had not yet expired. Although a statute might violate the constitutions' prohibition of ex post facto laws if it reinstated a prosecution which already had become time-barred, the extension of a still-valid limitations period does not offend either the United States or the Minnesota Constitution. *See State v. Traczyk,* 421 N.W.2d 299, 300 n. 2 (Minn.1988) (holding that an extension amendment is not afforded retroactive application by reference to standards governing statutory interpretation).

Our holding that the legislature's retroactive extension of the limitations period does not violate the ex post facto prohibition if prosecution is not yet time barred is consistent with holdings from foreign jurisdictions. *See, e.g., United States v. Brechtel,* 997 F.2d 1108, 1113 (5th Cir.1993) (retroactive extension of the limitations period does not violate the ex post facto clause), *cert. denied,* —— U.S. ——, 114 S.Ct. 605, 126 L.Ed.2d 570 (1993); *United States v. Taliaferro,* 979 F.2d 1399, 1403 (10th Cir.1992) (congress has the authority to extend a statute of limitations where the original time period has not run); *United States v. Knipp,* 963 F.2d 839, 844 (6th Cir.1992) (extension of a limitations period before that period has run does not violate the ex post facto clause); *United States v. Madia,* 955 F.2d 538, 539 (8th Cir.1992) (extending a limitations period before a given prosecution is barred does not violate the ex post facto clause); *Massarella,* 682 F.2d at 689 (same); *Clements,* 266 F.2d at 399 (amendment extending limitations period not an ex post facto law); *Falter,* 23 F.2d at 425 (amendment extending limitations period not ex post facto legislation); *Creekpaum,* 753 P.2d at 1144 (extension of statute of limitations for crime of sexual assault on a minor before the original limitations period had run on defendant's offense was not an unconstitutional ex post facto law under the constitutions of either Alaska or the United States); *People v. Lewis,* 180 Cal.App.3d 816, 225 Cal.Rptr. 782, 785 (1986) (where new statute providing for tolling of statute of limitations in criminal action upon issuance of arrest warrant became effective after defendant's crime was committed but before the limitations period had expired, application of the new law was not unconstitutional under the ex post facto clause), *pet. for rev. denied* (Cal. July 23, 1986); *Commonwealth v. Bargeron,* 402 Mass. 589, 524 N.E.2d 829, 830 (1988) (extension of statute of limitations did not violate either state or federal constitutional prohibition against ex post facto laws); *State v. Johnson,* 158 Vt. 344, 612 A.2d 1114, 1116 (1992) (application of amended statute of limitations to criminal conduct that occurred before prior statute of limitations had run was not unconstitutional ex post facto law).

## II.

Where there is a challenge to the sufficiency of the evidence, we are limited to ascertaining whether a jury reasonably could conclude the defendant was guilty of the offense charged. *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989); *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978). We must view the evidence in the light most favorable to the jury's verdict, assuming the jury believed the state's witnesses and disbelieved any evidence to the contrary. *State v. Moore*, 438 N.W.2d 101, 108 (Minn.1989). If the jury, giving due regard to the presumption of innocence and the state's burden of proof, reasonably could have found the defendant guilty, the verdict will not be reversed. *Merrill*, 274 N.W.2d at 111.

Burns argues the evidence supporting his conviction was insufficient as a matter of law because the victim's story lacked corroboration. But a victim's testimony in a case of criminal sexual conduct need not be corroborated. Minn.Stat. § 609.347, subd. 1 (1992); *State v. Ani*, 257 N.W.2d 699, 700 (Minn.1977). *But see State v. Packer*, 295 N.W.2d 266, 267 (Minn.1980) (although corroboration is not a formal requirement in prosecutions for criminal sexual conduct, in some cases the complainant's testimony and the evidence put forth by the defense are such that a reversal may be necessary absent corroboration). The victim was cross-examined at trial concerning the details of the assaults and his long delay in reporting the abuse. The jury is in the best position to evaluate the evidence and the witnesses' credibility. *See State v. Anderson*, 379 N.W.2d 70, 75 (Minn.1985) (jury is in the best position to evaluate the circumstantial evidence surrounding a murder and the jury's verdict must be given due deference), *cert. denied*, 476 U.S. 1141, 106 S.Ct. 2248, 90 L.Ed.2d 694 (1986).

Viewing the evidence in the light most favorable to the verdict, the record demonstrates: (1) the victim described in detail numerous incidents where Burns ordered him to perform oral sex or Burns would beat or kill him; (2) the victim was living with Burns, so Burns had the opportunity to abuse him; (3) the victim testified that he did not tell anyone about the abuse for years because he saw Burns frequently, was afraid of Burns, and thought no one would believe him; (4) the victim eventually told consistent accounts of the abuse to his mother, a friend's mother, a social worker, a psychologist, and a police officer; and (5) Burns's biological son also testified that Burns compelled him by threats of beatings to engage in oral sex. Despite Burns's adamant denials and other evidence to the contrary, a jury reasonably could conclude that the victim's testimony as a whole was credible and that Burns was guilty of the offense.

### DECISION

The legislature's retroactive extension of the limitations period for the offense of which Burns was convicted does not violate the United States and Minnesota Constitutions' prohibition of ex post facto laws. Accordingly, Burns's prosecution was not time barred. In addition, there is sufficient evidence to support Burns's conviction under Minn.Stat. § 609.342, subd. 1(h)(iii) (1992).

**Affirmed.**

RANDALL, Judge (concurring specially).

I concur in the result.