Kenneth Edward **MURRAY**, Appellant,

v.

Kristi **CISAR**, et al., **Respondents.**

No. C0–98–1507.

Court of Appeals of Minnesota.

May 25, 1999.

Kenneth E. Murray, MCF–Moose Lake, Moose Lake, MN ( pro se)

Mike Hatch, Attorney General, Paul Merwin, Assistant Attorney General, Saint Paul, MN (for respondent)

Considered and decided by HARTEN, Presiding Judge, RANDALL, Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

Appellant contends that Minn.Stat. § 243.23, subd. 3 (1998), which authorizes the commissioner of corrections to deduct court-ordered fines and restitution from inmate wages, as applied, violates the state and federal constitutional prohibition against ex post facto and retrospective laws. Appellant argues that the district court improperly dismissed his claim on summary judgment and erred when it ordered him to pay respondents' fees and costs under Minn.Stat. § 563.02, subd. 4 (1998). We affirm in part and reverse in part.

## FACTS

The facts are undisputed. In 1991, the trial court sentenced appellant Kenneth Edward Murray to prison and ordered him to pay a $3,300 fine. Murray received wages for work in prison jobs. Prison officials did not withhold any amount from his wages for payment of his fine. In 1993, the legislature amended the law and authorized the deduction of unpaid, court-ordered fines and charges from inmates' wages. Believing that the authorization applied to only fines and charges imposed after the effective date of the law, prison officials withheld no amounts from Murray's wages.

In 1997, the commissioner of corrections transferred Murray to another prison. Respondent Kristi Cisar, the inmate accounts supervisor at this prison, told Murray that 50% of his prison earnings would be "set aside for payment of any unpaid court ordered charges." Murray objected to the withholding and complained to the department of corrections. When it discovered that only some correctional facilities were deducting fines and charges from prison wages, the department ordered all facilities to begin collecting fines and charges imposed before and after July 1, 1993.

Murray sued, claiming that the law authorizing wage deductions for fines and charges imposed before July 1, 1993, is unconstitutional. The trial court granted respondent's summary judgment motion and ordered Murray to pay respondent's fees and costs of $832. He appealed.

## ISSUES

1. Does Minn.Stat. § 243.23, subd. 3 (1998), as applied, constitute an ex post facto or retrospective law in violation of the state and federal constitutions?

2. Did the district court err when it ordered appellant to pay respondents' costs and fees under Minn.Stat. § 563.02, subd. 4 (1998)?

## ANALYSIS

On appeal from summary judgment, the reviewing court is to determine whether

any genuine issues of material fact exist and whether the district court correctly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). When evaluating constitutional challenges, the interpretation of statutes is a question of law this court reviews de novo. *State v. Manning*, 532 N.W.2d 244, 247 (Minn.App.1995), *review denied* (Minn. July 20, 1995); *State v. Burns*, 524 N.W.2d 516, 518 (Minn.App. 1994), *review denied* (Minn. Jan. 13, 1995).

Murray argues that Minn.Stat. § 243.23, subd. 3 (1998), is retrospective and violates the prohibition against ex post facto laws because it impairs his right to his earnings; imposes a new obligation on him by forcing him to pay his court-ordered fine now, rather than later; and imposes a new disability because it hampers his ability to purchase personal items.

██ Both the state and federal constitutions prohibit the enactment of ex post facto laws. *Manning*, 532 N.W.2d at 247 (citing U.S. Const. art. I, § 10; Minn. Const. art. I, § 11). An ex post facto law is one that "renders an act punishable in a manner in which it was not punishable when it was committed." *Starkweather v. Blair*, 245 Minn. 371, 386, 71 N.W.2d 869, 879 (1955). To be an ex post facto law, a statute must

(1) punish as a crime an act which was innocent when committed; (2) increase the burden of punishment for a crime after its commission; or (3) deprive one charged with a crime of a defense that was available when the crime was committed.

*Manning*, 532 N.W.2d at 247 (citing *Collins v. Youngblood*, 497 U.S. 37, 52, 110 S.Ct. 2715, 2724, 111 L.Ed.2d 30 (1990)). An ex post facto violation does not occur "if the change effected is merely procedural and does not increase the punishment, change the elements of the offense, or change the ultimate facts necessary to es-

tablish guilt." *Burns*, 524 N.W.2d at 520 (citing *United States ex. rel. Massarella v. Elrod*, 682 F.2d 688, 689 (7th Cir.1982)).

██ A retrospective law is one that "relates back to a previous transaction and gives it some legal effect different from what it had under the law when it occurred." *Baron v. Lens Crafters, Inc.*, 514 N.W.2d 305, 307 (Minn.App.1994). It is one that,

"in the legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, *in respect of transactions * * * already past.* It may also be defined as one which changes or injuriously affects a present right by going behind it and giving efficacy to anterior circumstances to defeat it, which they had not when the right accrued, or which relates back to and *gives to a previous transaction some different legal effect from that which it had under the law when it occurred.* Another definition of a retrospective law is *one intended to affect transactions which occurred, or rights which accrued, before it became operative, and which ascribes to them effects not inherent in their nature, in view of the law in force at the time of their occurrence.*"

*Halper v. Halper*, 348 N.W.2d 360, 363 (Minn.App.1984) (quoting *Cooper v. Watson*, 290 Minn. 362, 369, 187 N.W.2d 689, 693 (1971)). A retrospective statute will not be allowed to impair vested property rights. *Wichelman v. Messner*, 250 Minn. 88, 107, 83 N.W.2d 800, 816 (1957). The doctrine against retrospective statutes generally does not apply to remedial statutes provided they do not impair contracts or absolute vested rights. *Oppegard v. Board of Com'rs*, 110 Minn. 300, 302, 125 N.W. 504, 505 (1910).

██ Here, there is no evidence that the deductions from Murray's prison wages

violate the ex post facto law prohibition. The deductions do not render a once innocent act committed by Murray illegal, increase his punishment, or deprive him of a once available defense. *See Manning*, 532 N.W.2d at 247 (stating requirements for statute to constitute an impermissible ex post facto law). Nor does the statute change the elements of Murray's crime or the facts necessary to prove his guilt. *See Burns*, 524 N.W.2d at 520. Thus, Minn. Stat. § 243.23, subd. 3, is not an unconstitutional ex post facto law.

■ Likewise, Minn.Stat. § 243.23, subd. 3, does not run afoul of the prohibition against retrospective laws. At the summary judgment hearing, Murray conceded that he receives prison wages by the grace of the legislature and that he has no absolute right to receive prison wages. *See* Minn.Stat. § 243.23, subd. 1 (1998) (providing commissioner of corrections may provide pecuniary compensation to inmate commissioner deems proper in light of work performed by inmate). Here, the record establishes that the department has not deducted any amounts from wages that Murray received before the 1993 amendment of Minn.Stat. § 243.23, subd. 3. Just as the legislature is free to grant inmates the opportunity to earn prison wages, the legislature is free to alter, modify, or repeal that grant. Any right Murray had in wages he received prior to the amendment is not altered or impaired by the new law, which reaches only forward to wages the legislature allows him to earn.

■ In addition, the amended statute does not amend or alter Murray's obligation to pay his court-ordered fine. Minn.Stat. § 243.23, subd. 3, is a remedial statute designed to provide a procedure to collect legally imposed fines and other charges from inmates during their incarceration. It is analogous to statutes providing mechanisms for the collection of civil judgments. *See* Minn.Stat. §§ 550.01–.42 (1998) (providing manner and method of executing judgment), 571.71–.932 (1998) (providing manner and method for garnishment of debt). Murray's obligation to pay the fine began in 1991 when he was sentenced. His obligation is independent of Minn.Stat. § 243.24, subd. 3, and the statute does not in any way increase the punishment for his crime or impose a new legally recognized burden or disability on him.

Because Minn.Stat. § 243.23, subd. 3, is neither ex post facto legislation nor retrospective in nature, we conclude that the district court did not err when it granted summary judgment and dismissed Murray's action.

Next, Murray argues that the district court abused its discretion when it ordered him to pay respondents' reasonable attorney fees and costs. According to Minn. Stat. § 563.02, subd. 4 (1998),

> [a] natural person who is named as a defendant in a civil action brought by an inmate may appear and defend the action, including any appeal in the action, without prepayment of the filing fee. If the action is dismissed under Rule 12 or 56 of the rules of civil procedure, the inmate is liable for the person's fees and costs, including reasonable attorney fees.

■ By its clear language, Minn.Stat. § 563.02, subd. 4, applies only to natural persons. There is no evidence in the record that the four individual defendants incurred any attorney fees or costs in defending against Murray's action. The attorney general's office represented the four individuals in conjunction with its representation of the department. There is no evidence that, when it represented the four individual defendants, the attorney general's office incurred attorney fees or costs beyond those necessary to defend the department. Because the record does not

show that individual defendants incurred fees or costs themselves in defending against Murray's action, and because the department is not a natural person, we conclude that the district court erred when it ordered Murray to pay respondents' fees and costs under Minn.Stat. § 563.02, subd. 4.

## D E C I S I O N

Because the deductions made by the department of corrections under Minn. Stat. § 243.23, subd. 3, do not make a once innocent act committed by Murray illegal, increase his punishment, or deprive him of a once available defense, the statute is not unconstitutional ex post facto legislation. Similarly, the statute is not retrospective because it does not impair any vested property rights of Murray nor does it create a new obligation or duty, or attach a new disability for a past transaction.

Furthermore, only natural persons may recover fees and costs under Minn.Stat. § 563.02, subd. 4, and there is no evidence that any of the individual defendants incurred any fees or costs in defending against Murray's action. Therefore, the district court erred when it ordered Murray to pay respondents' fees and costs under this section.

**Affirmed in part, reversed in part.**