**STATE of Minnesota, Appellant,**

v.

**Troy Alan MEYER, Respondent.**

No. CX–02–1.

Court of Appeals of Minnesota.

July 9, 2002.

Mike Hatch, Attorney General, Steven L. Schleicher, Assistant Attorney General, St. Paul, MN, and Patrick A. Oman, Mower County Attorney, Austin, MN, for appellant.

John M. Stuart, State Public Defender, Joseph Margulies, Special Assistant Public Defender, Margulies & Richman, Minneapolis, MN, for respondent.

Considered and decided by SHUMAKER, Presiding Judge, WILLIS, Judge, and FOLEY, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## OPINION

WILLIS, Judge.

The state contends that the district court clearly erred by dismissing a felony-murder charge against respondent in favor of the more specific charge of controlled-substance murder for a death caused by a methamphetamine-laboratory explosion. Because we conclude that the district court did not err, we affirm.

## FACTS

In January 2001, materials allegedly used to manufacture methamphetamines exploded in the basement of a house where they were stored. The explosion critically injured an occupant of the house, James Erick Chilson. Witnesses told an officer who was near the scene when the explosion occurred that they saw respondent Troy Alan Meyer flee from the back of the house.

Meyer was charged with first-degree controlled-substance crime, conspiracy to commit controlled-substance crime, and negligent fires. In February 2001, Chilson died from his injuries. The state amended the complaint against Meyer, adding charges of second-degree felony murder, third-degree imminently dangerous-act murder, third-degree controlled-substance murder, and second-degree culpable-negligence manslaughter.

At a pretrial omnibus hearing, Meyer moved the district court to dismiss the charges of murder, manslaughter, and negligent fires for lack of probable cause. In opposition to that motion, the state argued, in part, that the manufacturing of methamphetamines is a proper predicate

Minn. Const. art. VI, § 10.

act for a charge of controlled-substance murder under Minn.Stat. § 609.195(b) (2000), and therefore it had properly charged Meyer with that offense. In July 2001, the district court denied Meyer's motion to dismiss.

In August 2001, the supreme court denied review of *State v. Craven,* in which this court held that if two statutes require proof of identical elements, the specific statute controls over the general statute, unless the legislature manifestly intends otherwise. *See State v. Craven,* 628 N.W.2d 632 (Minn.App.2001), *review denied* (Minn. Aug. 15, 2001). On the basis of this court's decision in *Craven,* Meyer then moved for the district court to reopen the omnibus hearing and to dismiss the felony-murder charge against him in favor of the more specific charge of controlled-substance murder. The district court granted Meyer's motion and dismissed the felony-murder charge. The state appeals.

## ISSUE

Did the district court err by dismissing a felony-murder charge against respondent in favor of a charge of controlled-substance murder under Minn.Stat. § 609.195(b) (2000) when the alleged offense involved the manufacturing of a controlled substance?

## ANALYSIS

■ In an appeal from a pretrial order, this court will reverse the district court's dismissal of charges only if the state clearly and unequivocally shows that the district court erred in its judgment and that the error, unless reversed, will critically affect the outcome of the prosecution. *State v. Bunde,* 556 N.W.2d 917, 918 (Minn.App.1996). The parties do not dispute that the district court's order critically affects the state's case. This court must focus, then, on whether the district court clearly and unequivocally erred in its ruling.

■ The district court based its ruling on its construction of Minn.Stat. § 609.195(b) (2000). Statutory construction is a question of law, which this court reviews de novo. *Koes v. Advanced Design, Inc.,* 636 N.W.2d 352, 358 (Minn.App. 2001) (citing *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998)), *review denied* (Minn. Feb. 19, 2002).

The state argues that it erred by charging Meyer with controlled-substance murder under Minn.Stat. § 609.195(b) because the statute does not include the manufacture of controlled substances as one of the predicate acts that supports that charge. The state contends that the district court, therefore, clearly erred by construing "selling," as that word is used in Minn. Stat. § 609.195(b), to include manufacturing controlled substances and by dismissing the felony-murder charge against Meyer in favor of the controlled-substance murder charge. The state makes this argument despite the fact that, in opposition to Meyer's pre-*Craven* motion to dismiss for lack of probable cause, it had argued successfully that manufacturing methamphetamines is a proper predicate act for a charge of controlled-substance murder under Minn.Stat. § 609.195(b).

■ Minn.Stat. § 609.195(b) provides: Whoever, without intent to cause death, proximately causes the death of a human being by, directly or indirectly, unlawfully selling, giving away, bartering, delivering, exchanging, distributing, or administering a controlled substance classified in schedule I or II, is guilty of murder in the third degree * * *.

Methamphetamine is a Schedule II controlled substance. Minn.Stat. § 152.02, subd. 3(3)(b) (2000).

Generally speaking, the same set of facts may constitute more than one offense if the statutes so provide. A defendant may then be charged under whichever law or statute [the prosecutor] sees fit, so long as the prosecutor does not discriminate against a particular class of defendants. But when two criminal statutes, one general and one specific, conflict because they have the same elements but differing penalties, the more specific statute governs over the more general statute, unless the legislature manifestly intends for the general statute to control.

*Craven,* 628 N.W.2d at 634–35 (quotation and citations omitted); *see* Minn.Stat. § 645.26, subd. 1 (2000) (providing that, generally, specific provisions govern over conflicting general provisions); *State v. Carithers,* 490 N.W.2d 620, 620 (Minn. 1992) (referring to Minn.Stat. § 609.195(b) as "a special felony murder statute").

The state argues now that because Minn.Stat. § 609.195(b) does not identify manufacturing as a predicate act, felony murder predicated on manufacturing methamphetamines requires the state to prove elements different from those it must prove for controlled-substance murder. Minn.Stat. § 609.19, subd. 2(1) (2000), provides that a person is guilty of second-degree felony murder who

> causes the death of a human being, without intent to effect the death of any person, while committing or attempting to commit a felony offense * * *.

Minn.Stat. § 152.021, subd. 2a (2000), defining controlled-substance crime, the proffered predicate for the state's felony-murder charge against Meyer, provides that "a person is guilty of controlled substance crime in the first degree if the person manufactures any amount of methamphetamine." First-degree controlled-substance crime is a felony offense. *See* Minn.Stat.

§ 152.021, subd. 3(a) (2000) (providing that "[a] person convicted under subdivisions 1 to 2a may be sentenced to imprisonment for not more than 30 years or to payment of a fine of not more than $1,000,000, or both"); Minn.Stat. § 609.02, subd. 2 (2000) (defining "felony" as "a crime for which a sentence of imprisonment for more than one year may be imposed").

Here, if Minn.Stat. § 609.195(b) is construed to include manufacturing controlled substances as a predicate act, successful prosecution of a felony-murder charge predicated on manufacturing methamphetamines requires proof of elements identical with the elements of controlled-substance murder, that is, (1) death, (2) causation, and (3) the manufacture of methamphetamines. The two statutes then conflict only because they prescribe different penalties. *See* Minn.Stat. § 609.195(b) (providing "imprisonment for not more than 25 years or to payment of a fine of not more than $40,000, or both"). *Compare* Minn. Stat. § 609.19, subd. 2 (providing "imprisonment for not more than 40 years").

The controlled-substance statutes define "sell" as "to sell, give away, barter, deliver, exchange, distribute, or dispose of to another, *or to manufacture* * * *.*" Minn. Stat. § 152.01, subd. 15a (2000) (emphasis added). Meyer argues that Minn.Stat. § 609.195(b), a part of the criminal code, incorporates the controlled-substance statutes' definition of "sell" because the criminal code and the controlled-substance statutes share a common subject matter and a common purpose. But the state argues that the definition of "sell" in Minn.Stat. § 152.01, subd. 15a, is confined to Minn. Stat. ch. 152. *See* Minn.Stat. § 152.01, subd. 1 (providing that "[u]nless the language or context clearly indicates that a different meaning is intended, the following words, terms, and phrases, for the

purposes of this chapter, shall be given the meanings subjoined to them").

Because Minn.Stat. § 609.195(b) looks to the drug code for the schedules that define controlled substances, the district court concluded that "[it] is highly unlikely that the Legislature intended the incorporation of certain terms within Chapter 152, while excluding others." The supreme court has acknowledged that the later-enacted drug code "adopted a definition of 'sell' which expressly incorporates each of the various alternative predicate acts" in Minn.Stat. § 609.195(b), except "administering." *Carithers,* 490 N.W.2d at 622. The drug code's definition of "sell" includes manufacture. *See* Minn.Stat. § 152.01, subd. 15a. Therefore, *Carithers* implies that Minn. Stat. § 609.195(b) includes manufacturing as a predicate act for a charge of controlled-substance murder under that statute.

■ A court must construe penal statutes strictly, resolving any doubt in favor of a defendant. *State v. Olson,* 325 N.W.2d 13, 19 (Minn.1982). But strict construction does not require a court to interpret a statute as narrowly as possible. *State v. Zacher,* 504 N.W.2d 468, 473 (Minn.1993). As the state itself noted in its memorandum in the district court in opposition to Meyer's pre-*Craven* motion to dismiss, among other charges, the controlled-substance murder charge for lack of probable cause,

> [t]he legislature's use of the words "directly or indirectly" before the words describing the specified prohibited conduct (selling, giving away, etc.) supports a broad reading of the statute.

■ We conclude that the district court properly construed "selling," as the word is used in Minn.Stat. § 609.195(b), to include manufacturing controlled substances. And because Minn.Stat. § 609.195(b) includes manufacturing controlled sub-

stances, it requires proof of elements identical with the elements that the state must prove to successfully prosecute a felony-murder charge. Therefore, here, "the felony-murder statute serves no purpose other than to ratchet up the permissible sentence," and the felony-murder charge against Meyer must be dismissed. *See Craven,* 628 N.W.2d at 635–36.

## DECISION

Because we conclude that "selling," as that word is used in Minn.Stat. § 609.195(b) (2000), includes manufacturing controlled substances, the district court did not err by dismissing the felony-murder charge against Meyer in favor of the more specific charge of controlled-substance murder under Minn.Stat. § 609.195(b). We therefore do not reach Meyer's argument that judicial estoppel bars the state from changing its position on appeal or the state's argument that manufacturing methamphetamines is a proper predicate for a felony-murder charge.

**Affirmed.**