**STATE of Minnesota, Appellant,**

v.

**David SOUKUP, Respondent.**

No. A07–1783.

Court of Appeals of Minnesota.

April 8, 2008.

Lori Swanson, Attorney General, St. Paul, MN;  and Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, MN, for appellant.

Carol Grant, Kurzman Grant Law Office, Minneapolis, MN, for respondent.

Considered and decided by LANSING, Presiding Judge; ROSS, Judge; and JOHNSON, Judge.

## OPINION

ROSS, Judge.

This appeal requires us to decide whether the statute of limitations prevents the state from prosecuting David Soukup for sexually abusing his now-adult step-daughter when she was nine years old. The district court dismissed the criminal complaint based on its interpretation of the statute of limitations and also because it determined that the Ex Post Facto Clause of the federal Constitution prohibits the state from prosecuting Soukup. Because the district court erroneously interpreted the statute of limitations and misapplied the Ex Post Facto Clause, we reverse the district court's order dismissing the criminal complaint.

## FACTS

On November 1, 2006, C.K. contacted the Minneapolis Police Department and reported that her adoptive father, David Michael Soukup, had sexually abused her between 1984 and 1987 when she was nine to twelve years old. She alleged that Soukup performed oral sex on her and required her to perform oral sex on him. C.K. had previously told her cousin about the abuse in July 1996, when C.K. was 21.

The police interviewed Soukup in January 2007, and Soukup admitted the allegations of abuse. He confessed to requiring C.K. to perform oral sex, and although he denied remembering her age when the abuse occurred, he acknowledged that it happened when she was in elementary school. The state charged Soukup with one count of first-degree criminal sexual conduct in violation of Minnesota Statutes section 609.342, subdivisions 1(a) and (2) (1984).

Soukup soon moved the district court for dismissal, arguing that the statute of limitations barred prosecution for the 20-year-old conduct. The applicable statute of limitations has a nine-year offense-to-prosecution period with an exception for cases in which the victim has waited a longer period to report the abuse. It provides as follows:

> Indictments or complaints for [first-degree criminal sexual conduct] if the victim was under the age of 18 years at the time the offense was committed, shall be found or made and filed in the proper court within nine years after the commission of the offense or, if the victim failed to report the offense within this limitation period, within three years after the offense was reported to law enforcement authorities.

Minn.Stat. § 628.26(c) (Supp.1995). This case hinges on what this statute means by the phrase "report the offense."

The district court granted Soukup's motion to dismiss based on its application of the various versions of the statute as amended over time since the abuse occurred. The district court first determined that the versions of section 628.26 as amended in 1989, 1991, and 1994 applied, holding that the 1994 version required C.K. to report the abuse before August 1, 1994. Because C.K. did not report the abuse until twelve years later, the district court ruled that the statute of limitations prevented prosecution and dismissed the criminal complaint with prejudice.

The state moved the district court to reconsider, arguing that the court misunderstood the statute and that the statute-of-limitations period had not expired because the state brought charges against Soukup well within three years after C.K.

first reported the abuse to law enforcement authorities in 2006. The district court agreed that the 1995 version of section 628.26 applies, but it nevertheless denied the state's motion to reconsider. It applied the proper version of the statute but continued to hold that it precluded Soukup's prosecution based on the district court's broad interpretation of the term, "report." The court also concluded that Minnesota Statutes section 609.342, the provision criminalizing sex with minors, is a constitutionally defective ex post facto law as applied to Soukup, and it dismissed the complaint on that alternative ground. The state appeals the dismissal.

## ANALYSIS

▇▇▇ The state challenges the pretrial order dismissing the criminal complaint. To prevail on appeal of a pretrial order, the state must clearly and unequivocally show that the order is clearly erroneous and will critically impact the state's ability to prosecute the case. *State v. McLeod*, 705 N.W.2d 776, 784 (Minn.2005). Critical impact is a threshold issue. *Id.* Dismissal of the complaint constitutes a critical impact on the prosecutor's case. *See State v. Richmond*, 730 N.W.2d 62, 66 (Minn.App. 2007) (noting that where an order dismisses a state's case, the critical impact prong is met if defendant does not challenge critical impact); *see also State v. Meyer*, 646 N.W.2d 900, 902 (Minn.App.2002). Here, dismissal order from which the state appeals passes the threshold. The remaining and central issue is whether the district court clearly erred when it dismissed the complaint. We hold that it did.

The district court dismissed the complaint because it concluded that the statutory limitations period had expired. When the offense is a continuing one, the statute of limitations begins to run when the offense ends. *State v. Danielski*, 348 N.W.2d 352, 355–57 (Minn.App.1984), *review denied* (Minn. July 26, 1984). The complaint here alleged that Soukup committed multiple acts of sexual abuse against C.K. between 1984 and 1987. *See id.* (treating multiple sexual acts over a period of time as a continuing offense under section 609.342). For the purpose of applying the statute of limitations, 1987 is the year of the offense.

Despite the early confusion in the district court, the parties now agree with the district court's final assessment that the 1995 amendment to the statute applies here. The statute as amended expressly requires complaints of the offense charged against Soukup to be filed either within nine years after the offense "or, if the victim failed to report the offense within this limitation period, within three years after the offense was reported to law enforcement authorities." Minn.Stat. § 628.26(c) (1995). The district court held, and Soukup argues on appeal, that because C.K. revealed to her cousin in 1996 that Soukup had sexually abused her, the case does not fall within the non-report exception in the statute of limitations. Specifically, the district court decided that by disclosing the abuse to her cousin, C.K. "reported" the 1987 offense in 1996, barring any prosecution based on C.K.'s later "report" to law enforcement in 2006. The appeal depends on how we define "report"; we must decide whether "reporting" includes informing a relative.

▇▇▇ We conclude that the 1995 amendment extended the limitations period for the prosecution of Soukup's acts against C.K. to three years after she reported the offense to police in November 2006. This conclusion follows from a straightforward reading of the statute. This court reviews statutory construction de novo. *State v. Koenig*, 666 N.W.2d 366, 372 (Minn.2003). The object of statutory

interpretation is to give effect to the legislature's intent. Minn.Stat. § 645.16 (2006). A statute's words and phrases should be read according to their plain and ordinary meaning. *Koenig,* 666 N.W.2d at 372. "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16. A statute is ambiguous only when it is subject to more than one plausible interpretation. *Harrison ex rel. Harrison v. Harrison,* 733 N.W.2d 451, 453 (Minn.2007).

The meaning of "report" as used in the statute is not ambiguous. Although the non-report exception in the statute is not the model of legislative clarity, it lends itself to only one reasonable interpretation. In back-to-back clauses, the single-sentence provision twice uses a variation of the word "report," and in context, the meaning is self evident: both references regard the *same* "report." The second use includes the full description of the "report" as being "to law enforcement authorities." There is no textual or practical reason to conclude, as Soukup urges, that the first use of "report" means anything other than the second. Based on the context, syntax, and grammar of the statutory language, we hold that a "report" in section 628.26(c) is a report to law enforcement authorities.

Although our holding rests on the plain language of the statute, we add that neither the district court's order nor Soukup's argument provides any reasonable basis for a different reading. The practical end of Soukup's theory is that when a sexually abused child privately reveals the abuse to anyone and by any means, even in an anonymous internet posting, for example, her abuse is forever removed from the statutory exception designed to extend the limitations period for young victims who do not report their abusers promptly. We cannot accept this to be the intended consequence of an exception designed to expand, rather than limit, the statutory period in which the state may charge sex offenders. *See* Minn.Stat. § 645.17(1) (2006) ("[T]he legislature does not intend a result that is absurd, impossible of execution, or unreasonable.").

We have explained in a related setting that to "report" means to inform law enforcement authorities. In *Danielski,* a sex-crimes victim was abused from ages 9 to 16. 348 N.W.2d at 355. This court stated, "Although the victim told her mother, this was insufficient to get official involvement." *Id.* And we noted that "[t]he purpose of [section 609.342]—penalizing those who use their authority to sexually abuse young children—would be completely thwarted by permitting defendants to prevent reporting of the act while taking advantage of the statute of limitations." *Id.* at 356.

Additionally, we observe that the statutory scheme that mandates reporting of maltreatment "to protect children whose health or welfare may be jeopardized through physical abuse, neglect, or sexual abuse," defines "report" as "any report received by the local welfare agency, police department, county sheriff, or agency responsible for assessing or investigating maltreatment pursuant to this section," and instructs those persons who are mandated reporters to make the report to the responsible, official agency. Minn.Stat. § 626.556, subds. 1, 2(h), 3 (2007). Because we conclude that by "reporting" the statute means notifying law enforcement authorities, we hold that the district court erred in its interpretation of the statute and erroneously failed to apply the exception in section 628.26 to this case.

▪ The district court also dismissed the complaint on the alternative basis that

charging Soukup with a violation of Minnesota Statutes section 609.342 violates the ex post facto prohibition. The Ex Post Facto Clause of the United States Constitution prohibits a state from passing a law that criminalizes acts that occurred before its enactment and disadvantages the defendant affected by it. *Hankerson v. State,* 723 N.W.2d 232, 241 (Minn.2006). A law may be deemed to violate the Ex Post Facto Clause if it disadvantages a defendant in any of three ways: (1) by punishing as a crime an act previously committed, which was not a crime at the time; (2) by increasing the burden of punishment for a crime after its commission; or (3) by depriving the defendant of a defense that was available when the crime was committed. *Id.* This court has held that the retroactive application of the 1989, 1990, and 1991 amendments to section 609.342 does not violate the ex post facto prohibition. *State v. Burns,* 524 N.W.2d 516, 519–20 (Minn.App.1994), *review denied* (Minn. Jan. 13, 1995).

The district court concluded that section 609.342 is an ex post facto law as applied to Soukup because the penalties for the offense are greater now than when Soukup committed the offense, from 1984 to 1987. But the state charged Soukup with violating the 1984 version of the statute, not a newer version. Soukup points out that although the complaint filed against him expressly identifies the correct, 1984 version of the statute, it does not reflect the correct penalty for the 1984 version of section 609.342 because it references a penalty of "0–30 years," which is the penalty for violating the newer version. We agree with the state that this drafting error does not create an ex post facto concern. *See State v. Billington,* 241 Minn. 418, 427, 63 N.W.2d 387, 393 (1954) ("[A] conviction will not be reversed for mere technical errors where it appears that the accused has not been prejudiced

through the impairment of substantial rights essential to a fair trial."). And the state acknowledges that, regardless of the erroneously referenced penalty term, the district court may not impose an excessive sentence by incarcerating Soukup longer than the penalty allowable under the 1984 statute. Prosecuting Soukup under section 609.342 does not invoke the concerns of the Ex Post Facto Clause.

### DECISION

The district court erred when it dismissed the complaint on either basis described in its order. Because the district court's erroneous order had a critical impact on the prosecution, we reverse.

**Reversed.**